## JAMES McGREEVY v. GEORGE B. KULP.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

| 126 | 97 |
| 20 SC | 11 |
| 126 | 97 |
| 26 SC | 248 |
| 26 SC | 436 |

Argued April 17, 1889—Decided April 29, 1889.

Under the acts of March 29, 1832, P. L. 190; February 12, 1863, P. L. 28; May 19, 1874, P. L. 206, and March 18, 1875, P. L. 29, the Orphans' Court of Luzerne county, has abundant authority to establish the following rule, to wit:

Accounts of executors, administrators, guardians and trustees, shall be published by the register of wills once a week for four successive weeks, immediately before the term at which they shall be presented for confirmation, in the paper designated by the court for the publication

of legal notices, in addition to the papers now required by law, and there shall be allowed and paid by the register of wills the sum of sixty-two and a half cents in each estate for such additional publication.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 100 January Term 1889, Sup. Ct.; court below, No. 199 December· Term 1888, C. P.

Case stated, between George B. Kulp, as plaintiff, and James McGreevy, defendant, as follows :

And now, July 15, 1888, it is hereby agreed by and between the parties, plaintiff and defendant above named, that the following case be stated for the opinion of the court, in the nature of a special verdict:

1. That George B. Kulp, plaintiff above named, is the publisher of a paper known and designated as the Luzerne Legal Register.

2. That by Rule XXIII. of the Orphans' Court, and in compliance with the act of assembly, the Luzerne Legal Register is designated as the weekly legal publication in which shall be published a concise and intelligible abstract of all legal notices required to be published in cases pending in or under process issuing out of the Orphans' Court of Luzerne county, etc.

3. That by section 5 of Rule I., accounts of executors, administrators, guardians and trustees, shall be published by the register of wills once a week for four successive weeks, immediately before the term at which they shall be presented for confirmation, in the paper designated by the court for the publication of legal notices, in addition to the papers now required by law, and there shall be allowed and paid by the register of wills the sum of sixty-two and a half cents in each estate for such additional publication.

4. That said plaintiff, under and by virtue of said last mentioned Rule of Court, published in the Luzerne Legal Register, for four successive weeks next preceding their presentation to the Orphans' Court, fifty accounts of executors and administrators who had rendered their accounts to the said defendant as register of wills, and from whom they held their authority in the form of letters of administration or testamentary.

5. That James McGreevy, defendant above· named, is the register of wills of Luzerne county.

If the court be of the opinion that the judge of the Orphans' Court had the power and authority to enact section 5, of Rule I, embraced in the 3d paragraph of case hereinbefore stated, thereby increasing the number of papers in which the register of wills is by law directed to make his publications, and that upon such additional publication being made the register of wills is obliged to pay for the same, then judgment to be entered for the plaintiff in the sum of $31.25; but, if the court be not of that opinion, then judgment to be entered for the defendant, costs to follow judgment; either party reserving the right to sue out a writ of error thereon.

Upon this case stated, the court, RICE, P. J., on October 29, 1888, delivered the following opinion:

There is a local law in force in this county which provides as follows: "That in addition to the publication required by the existing laws of this commonwealth, the several courts of the county of Luzerne may, by Rule of Court, designate one weekly legal publication, in which shall be published a concise and intelligible abstract, under the direction of such courts, of all legal notices required to be published, in cases pending in or under process issuing out of said courts; a copy of each and every number of said paper shall be filed in the offices of the prothonotary, clerk of the courts, register of wills, recorder of deeds, county commissioners, and sheriff of said county: Provided, the charge for publication shall not be greater than the usual rates charged for such notices, and in case of any dispute in regard to such charges, the same shall be referred to, and be determined by the president judge of said court:" Act of February 12, 1863, P. L. 28.

Pursuant to the provisions of the foregoing act, the Orphans' Court has, by general rule, designated the Luzerne Legal Register as the weekly legal publication in which legal notices, as aforesaid, shall be published. There is also a special rule of said court that "accounts of executors, administrators, guardians and trustees shall be published by the register of wills once a week, for four successive weeks immediately before the term at which they shall be presented for confirmation, in the paper designated by the court for the publication of legal notices, in addition to the papers now required by law, and

there shall be allowed and paid by the register of wills the sum of sixty-two and one half cents in each estate for such additional publication."

The plaintiff is publisher of the Luzerne Legal Register, and claims pay from the defendant, who is register of wills, for the publication of notices of the presentation of fifty accounts of executors and administrators. The act of March 15, 1832, § 30, P. L. 143, requires the register to publish these notices in at least two newspapers; it does not say that he must not publish in more. So also, the same act declares that the Orphans' Court shall not confirm an account unless notice, as aforesaid, shall have been given, but does not declare that the account shall be confirmed without additional notice, notwithstanding the court may be of opinion that such additional notice is necessary. We have no doubt that, even in the absence of the last mentioned rule, the register would be liable for any additional publication ordered by him beyond those expressly required by the act of 1832, and would be entitled to charge the cost of the same to the several estates, unless it could be shown that he had been guilty of an abuse of discretion. And the advantages of publication of the notice of the time when the accounts of executors and administrators will be presented for confirmation, in the paper in which all other legal notices are published, are so great and so manifest as to leave no room for argument that it would be an abuse of discretion. But, inasmuch as the parties by their agreement have made the case to turn on the power of the Orphans' Court to establish the rule in question, it is unnecessary to inquire whether the facts of the case stated in the absence of the rule would raise an implied assumpsit.

The Orphans' Court is declared to be a court of record with all the qualities and incidents of a court of record at common law: Act of March 29, 1832, P. L. 190. The separate Orphans' Court is authorized to make all rules necessary for the exercise of the powers conferred upon it: Act of May 19, 1874, P. L. 206. This is but the legislative recognition of the power inherent in all courts of record to establish and enforce reasonable rules, not inconsistent with law, for the government of their practice. In view of the act of 1863, supra, we doubt if the establishment of the rule in question was any greater stretch

Opinion of Court below.

of that general power than was involved in many of the rules held valid in the following cases: Barry v. Randolph, 3 Binn. 277; Vanatta v. Anderson, 3 Binn. 417; Kuhn v. Kisterbock, 6 Wh. 166; Frost v. Roatch, 6 Wh. 359; Odenheimer v. Stokes, 5 W. & S. 175; Mylin's Est., 7 W. 64; Venango Co. v. Durban, 3 Gr. 66; McAdams v. Stilwell, 13 Pa. 90; Towamencin Road, 10 Pa. 195; Road in Little Britain, 27 Pa. 69; Harres v. Commonwealth, 35 Pa. 416; Gannon v. Fritz, 79 Pa. 303; Reese v. Reese, 90 Pa. 89; Lehman v. Howley, 95 Pa. 295; Road in McCandless Tp., 110 Pa. 605. But in addition to this general power, the judges of the separate Orphans' Courts are expressly authorized to establish in their discretion such rules and regulations as they may deem proper for the publication of advertisements of notices in several specified cases and all other " cases within their jurisdiction, provided that said court shall have supervision of and regulate the cost of such publication in all cases as well by special order in particular cases as by general rules: " Act of March 18, 1875, P. L. 29.

Executors and administrators, it is true, derive their authority from the register of wills, but the settlement of their accounts and the distribution of the assets and surplus of the estates of decedents after such settlement, among creditors and others interested, are matters peculiarly within the jurisdiction of the Orphans' Court. The court may compel such accounts to be filed, and while it may have no power to establish a rule controlling the register's discretion in passing them, it clearly has the power to regulate the practice concerning their presentation for confirmation, provided no law is contravened. This we are of opinion is one of the " cases within their jurisdiction." We have no doubt of the expediency of the rule, but, even if we had, we would have no right to question its validity on that ground: Mylin's Est., 7 W. 64; Gannon v. Fritz, 79 Pa. 303.

Now, October 29, 1888, in accordance with the stipulations of the case stated judgment is entered in favor of the plaintiff for the sum of thirty-one and twenty-five hundredths dollars.

The defendant thereupon took this writ, specifying that the court erred:

1. In rendering judgment in favor of the plaintiff and against the defendant on the case stated.

2. In holding as a matter of law that the Orphans' Court had power to enact a Rule of Court requiring the register of wills to advertise the accounts of executors and administrators in more newspapers than are prescribed by the act of assembly.

*Mr. John McGahren,* for the plaintiff in error.

*Mr. G. L. Halsey,* for the defendant in error.

PER CURIAM :
We affirm this judgment upon the opinion of the learned judge of the court below.

Judgment affirmed.