## Murdock's Petition.

*Statutes—Repeal of—Local statute—General statute.*
A general statute without negative words does not repeal a previous statute which is particular, even though the provisions of the one be different from the other.

*Same—Liquor laws—Potter county—Acts of April 11, 1866, and May 24, 1887.*

The act of April 11, 1866, prohibiting the granting of liquor licenses in Potter county, is not repealed by the wholesale act of May 24, 1887, although that act contains no provision that it shall not apply to localities having special prohibitory laws, as does the retail act of May 13, 1887.

Argued May 4, 1892. Appeal, No. 402, Jan. T., 1892, by Frank W. Murdock, from decree of Q. S. Potter Co., June Sess., 1891, No. 8, refusing to grant petition for a wholesale liquor license under the act of May 24, 1887. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

The facts appear by the opinion of the court below by OLMSTED, P. J., as follows :

" In the matter of the petition of Frank W. Murdock for a wholesale liquor license in the Borough of Austin, Potter county.

" This application raises a single legal question. The petition is formally drawn. It is certified to by the requisite number of reputable citizens, and it is not alleged that the applicant is an unsuitable person to have such a license. There is no remonstrance filed against the granting of the petition. It is not, therefore, a case for the exercise of any discretionary power by the court. The applicant is entitled to a license or not, depending upon the law applicable to the case.

" On the 11th day of April, A. D. 1866, the legislature of Pennsylvania passed an act entitled, 'An Act to prohibit the granting of licenses to sell intoxicating drinks within the county of Potter.'

" Its first section is as follows : ' That from and after the passage of this act, no licenses shall be granted to any person to sell vinous, spirituous, malt or brewed liquors within the limits of the county of Potter.'

" To the second section is the following proviso : ' Provided, however, that manufacturers of domestic wines and of malt and brewed liquors, shall not be prohibited from selling their own products in quantities not less than one gallon.'

" Under the proviso to the second section, licenses are granted in this county, but the pending application is not for a license to sell as a manufacturer of brewed and vinous liquors, but an application for a wholesale license, under the act of 24th day of May, 1887, the second section of which provides : ' That licenses shall be granted only by the court of quarter sessions of the proper county in such manner as is provided by existing laws . . . . at which time all persons applying, or making objections, may be heard by evidence, petition, remonstrance or counsel.'

" The 19th section of the act of 13th May, 1887, (commonly called the Brook's act) provides ' That none of its provisions shall be held to authorize the sale of any spirituous, vinous, malt or brewed liquors, or any admixture thereof, in any city, county, borough or township, having special prohibitory laws.' The act of 24th May, under which this application is made, does not contain the reservation as to its effect in counties hav-

ing prohibitory laws that is found in the act of 13th May; hence it is argued that the act of 24th May operates as a repeal of the first section of the local act of 11th April, 1866, so far as wholesale licenses are concerned. To this conclusion we cannot assent. We think the act under which this application comes has no effect whatever upon the local laws of this county. It is as well settled as anything can be settled by decisions of courts, that a general law does not operate to repeal a local statute by implication. So clearly is this established by all the decisions of our Supreme Court, that a reference to them seems like a work of supererogation, nevertheless, as a possible question of public interest, we refer to some of the more recent cases involving this question.

" A general statute without negative words does not repeal a previous statute which is particular, even though the provisions of one be different from the other: Morrison v. Fayette county, 127 Pa. 110.

" In the above cited case, the facts were these: A local act was passed for Fayette county, on the 5th of February, 1869, providing that the county auditors should receive as their compensation $3.00 per day, but without mileage. On the 12th of May, 1887, a general act was passed, which fixed the compensation at $3.00 per day and mileage for the auditors of each county in the commonwealth. The auditors of Fayette county claimed that the general act repealed the limitation in the local act, and that they were therefore entitled to mileage, and the Supreme Court held that it did not repeal the local act, and that mileage could not be recovered.

" The case of Kilgore v. The Commonwealth, 94 Pa. 495, is strangely like the one under consideration in its facts. An act of assembly was passed in 1872, P. L. 843, relating to the sale of intoxicating liquors in Allegheny county.

" In 1875 an act for the state was passed, which concerned the same subject as the local act of 1872, and the contention in the Supreme Court was that the general act repealed the local act. The Supreme Court held otherwise, and enforced the local act.

" Seifried v. The Commonwealth, 101 Pa. State Reports, page 200, is precisely like the case under present consideration. In 1867 the legislature passed an act prohibiting the sale of

intoxicating drinks in Derry township, in the county of West-moreland. In 1875 a general act of assembly was passed upon the subject of the sale of intoxicating drinks throughout the commonwealth, and authorizing the granting of licenses. The contention in the Supreme Court was that the general act of 1875 operated to repeal the local act for Derry township, and the Supreme Court held that it did not, reversing the court below. I quote the following from the opinion in that case. 'Sometimes it has been held that a general affirmative statute will repeal a prior local statute upon the same subject. This is not the rule.

"'A general statute without negative words, cannot repeal a previous statute which is particular, even though the provisions of the one be different from the other.'

"In Malloy v. Reinhard, 115 Pa. State, page 25, the Supreme Court held ' that a local statute enacted for a particular municipality for reasons satisfactory to the legislature, is intended to be exceptional, and for the benefit of such municipality; it is against reason to suppose that the legislature, in forming a general system for the state, intended to repeal a special or local act, which the local circumstances made necessary. The legislature and not the courts, judge of the necessity.'

"In Brown v. The County Commissioners, 21 Pa. State, 37, the Supreme Court held ' that a general statute without negative words will not repeal a previous statute which is particular, though the provisions of the two be different.'

"The above are a few of the many cases in Pennsylvania upon the question involved. I know of no case by our court of last resort that holds a contrary rule. It is too clear for argument that the general act of 1887 does not repeal the act of 1866 for Potter county, and wholesale licenses cannot be granted therein. It is not inappropriate to observe that the general law of the commonwealth requires that the sureties on the bond shall be signers of the applicant's petition. In this case the persons who sign the bond are not signers of the petition. It is not probably very important, and perhaps the law upon the subject has been changed by the legislature that is soon to adjourn.

"This license is refused."

Subsequent to the filing of the above opinion, a motion was made on the part of the applicant for leave to amend his petition by having the persons who signed the bond become signers to the petition.   This motion was allowed, the court saying : " As the intention of the court in this case was to decide the case upon the question whether the general law repealed the local law for Potter county and not upon any technical question, the above amendment is allowed."

*Error assigned* was the decree refusing to grant the license.

*H. C. Dornan*, with him *N. J. Peck*, for appellant, cited Commonwealth v. Hill, 127 Pa. 540.

*W. B. Brightman*, district attorney, *M. F. Elliott, W. I. Lewis* and *F. C. Leonard*, not heard, for appellee.

PER CURIAM, May 23, 1892 :

This case is so fully covered by the opinion of the learned judge of the court below that we affirm the judgment for the reasons there given by him.

Judgment affirmed.