# Kulp *v.* Luzerne County, Appellant.

*Legal advertisements—Rules of court—Rule No.* 130 *of Luzerne County.*

Rule No. 130 of the courts of common pleas and quarter sessions of Luzerne county is as follows: "In compliance with the provisions of the Act of February 12, A. D. 1863, entitled ' An act relating to the publication of legal notices in Luzerne county,' the Luzerne Legal Register is designated as a weekly publication in which, in compliance with the said act, shall be published a concise and intelligible abstract of all legal notices required to be published in cases pending in or under process issued out of any of the courts of Luzerne county; provided that the price to be charged for advertising sheriff's sales shall be $3.00 for one piece of land and $1.50 for each additional piece belonging to the same defendant; and it is further ordered that the trial, jury, argument and certiorari lists and lists of application for liquor licenses be published in the said Luzerne Legal Register." *Held,* that the rule was valid.

*Statutes—Repeal—Legal advertisements—Luzerne county—Acts of February* 12, 1863, *P. L.* 28, *and July* 30, 1897, *P. L.* 464.

The Act of February 12, 1863, P. L. 28, providing "that in addition to the publication required by the existing laws of this commonwealth in its several courts in the county of Luzerne, may by rule of court designate one legal publication," etc., is not repealed by the Act of July 30, 1897, P. L. 464, relating to the publication of lists of applicants for liquor licenses. The provision in the former act is for notice of publication in addition to the publications then required by existing laws and can be construed to be in addition to the publications which might thereafter be required by legal enactment. The two acts can stand together without inconsistency or repugnance, and should be so construed.

Where the clerk of courts refuses to designate the Luzerne Legal Register as a newspaper for publication for liquor license lists, and refuses to furnish a copy of said list for said paper, and the proprietor of said paper procures the list from another publication and publishes it, but not in time to give the full fifteen days' notice, and subsequently in a suit by the proprietor of the paper against the county for the cost of the publication of the list, the court enters judgment for plaintiff on case stated, the Superior Court will not reverse the judgment.

Argued Jan. 15, 1902. Appeal, No. 30, Jan. T., 1902, by defendant, from judgment of C. P. June T., 1901, No. 139, for plaintiff on case stated in suit of George B. Kulp v. Luzerne County. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine liability of county for costs of publishing liquor license lists.

The case stated was as follows.

It is hereby agreed by and between the parties above stated that an amicable action of assumpsit be entered in the court of common pleas of said county with the same force and effect as though a summons had been issued, regularly served and the defendant had appeared thereto. Plaintiff demands $564.80 for publishing the liquor license list for the county of Luzerne in the Luzerne Legal Register in February, 1901. The defendant pleads non assumpsit and thereupon the following case stated is agreed upon for the decision of the court:

1. February 18, 1891, was the first day of the session of the court fixed for hearing petitions for liquor licenses in Luzerne county for the current year.

2. Reese Lloyd, clerk of the courts of said county, under provision of section 3 of the Act of July 30, 1897, P. L. 464–470, duly designated the Wilkes-Barre Times, the Hazleton Plain Speaker and the Freeland Press, three newspapers published in said county, as the newspapers in which should be published the list of applicants for such licenses as required in said section and the required publication was duly made therein.

3. George B. Kulp is the proprietor and publisher of a weekly legal publication in Luzerne county known as the Luzerne Legal Register, which publication is devoted exclusively to the publication of opinions of courts on various legal questions and to legal notices and advertisements and circulates chiefly among attorneys, judges, court officials and business men and has been designated in pursuance of the Act of February 12, 1863, P. L. 28, by rule of court No. 139, as the legal publication in which, in pursuance with said act, shall be published a concise and intelligible abstract of all legal notices required to be published in cases pending in or process issuing out of the courts of Luzerne county, and also the trial list, jury, argument and certiorari lists and lists of applications for liquor licenses.

Said act and said rule are made a part of this case.

4. Reese Lloyd, clerk of the courts, refused to designate the Luzerne Legal Register as a newspaper for publication of liquor license list for 1901, and refused to furnish a copy of said list for said paper, neither was there any special order from the

court of quarter sessions nor any county official directing publication in said paper.

5. George B. Kulp, proprietor of said paper, obtained said liquor license list from other publications and in an issue of the Luzerne Legal Register, bearing date February 1, 1901, but not issued and circulated until February 4, 1901, published the said liquor license list; said list was also published in an issue of said Luzerne Legal Register on February 8, 1901.

6. The said George B. Kulp presented his bill for $564.80 for said publication to said clerk of courts, who refused to certify the same for payment.

7. Said bill has been presented to the county commissioners and county controller of Luzerne county, who admit that the amount charged does not exceed the usual rate charged by newspapers for such publication in said year, but do deny any liability on the part of the county to pay the same.

8. The amount paid the clerk of courts by applicants for liquor licenses in said year exceeds the amount paid or to be paid for publishing the said list, including the demand of George B. Kulp if the same be payable.

It is agreed as follows:

If under the facts above stated the said George B. Kulp is entitled to recover from the county of Luzerne for publishing said liquor license list, then judgment to be given in favor of plaintiff for the sum of $564.80, otherwise judgment to be for defendant.

Each party reserves the right of exception and appeal.

The court in an opinion by LYNCH, P. J., entered judgment for plaintiff on case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Granville J. Clark*, for appellant.—The special act of 1863 is repealed by the act of 1897, so far as it relates to publishing the liquor license list.

If said act of 1863 and rule of court No. 130 be still in force, they do not of themselves create a contract between the county of Luzerne and the proprietor of the Luzerne Legal Register, neither do they make the said proprietor agent of the county to cause the designated notices to be published in said paper.

The clerk of courts did not cause or direct the liquor license list for the year 1901 to be published in the Luzerne Legal Register, nor did any other person having authority so order or direct, and therefore the county did not become bound to pay for the same.

If the clerk of courts is entitled to the license expense fund then the county is not liable.

The publication was not made for length of time fixed by law and for that reason the county is not liable.

The action of the clerk in refusing the list to the Luzerne Legal Register did not authorize the plaintiff to get the list from an unauthorized source and publish the same at the expense of the county.

There is no contract, express or implied, and therefore the plaintiff is not entitled to recover.

*S. J. Strauss*, for appellee.—As an exercise of judicial power under general law, Rule 130 is valid, and publication under it of license applications is an expense for which the county is liable : Venango County v. Durban, 3 Grant, 66 ; Allegheny County v. Watts, 3 Pa. 464 ; Com. v. Harman, 4 Pa. 271 ; Commissioners of Lycoming County v. Hall, 7 Watts, 290 ; Com. v. Commissioners of Phila. County, 2 S. & R. 193 ; Richardson v. Clarion County, 14 Pa. 199 ; Holcomb v. Reporter Journal Publishing Co., 2 Cent. Repr. 784.

Rule 130 is specially justified by the act of February 12, 1863, applying to Luzerne County, P. L. 27 ; In re Remington, 3 Phila. 435.

It is immaterial that the clerk of the court did not cause the license list for 1901 to be published in the Luzerne Legal Register. That publication was by direct authority from the court itself, and did not require the intervention of the clerk of the courts.

The special act of 1863 is not repealed by the act of 1897. The two acts are not cognate. They deal with entirely different subjects. The advertisement required by one is entirely independent and additional to the advertisement required by the other.

The county is under an implied contract to pay the expenses lawfully incurred by the court in conducting the public business.

OPINION BY BEAVER, J., March 14, 1902:

Rule No. 130 of the courts of common pleas and quarter sessions of Luzerne county is as follows: " In compliance with the provisions of the Act of February 12, A. D. 1863, entitled ' An act relating to the publication of legal notices in Luzerne County,' the Luzerne Legal Register is designated as a weekly publication in which in compliance with the said act shall be published a concise and intelligible abstract of all legal notices required to be published in cases pending in or under process issued out of any of the courts of Luzerne county: provided that the price to be charged for advertising sheriff's sales shall be $3.00 for one piece of land and $1.50 for each additional piece belonging to the same defendant; and it is further ordered that the trial, jury, argument and certiorari lists and lists of application for liquor licenses be published in the said Luzerne Legal Register."

A similar rule in the orphans' court was held to be valid in McGreevy v. Kulp, 126 Pa. 97.

The Act of February 12, 1863, P. L. 28, provides: " That, in addition to the publication required by the existing laws of this commonwealth, the several courts of the county of Luzerne may, by rule of court, designate one legal publication," etc.

The Act of July 30, 1897, P. L. 464, provides, among other things, in the 3rd section, which refers to the filing of the petition for license: " And shall at the same time pay said clerk $5.00 for expenses connected therewith, and said clerk shall cause to be published two times in three newspapers designated by him, one of which may be printed in the German language, a list containing the names of all such applicants, their respective residences and the place for which application is made, and the cost of publication shall not exceed the usual rates charged by such newspapers. The first publication shall not be less than fifteen nor more than twenty-five days before the time fixed by the court; provided the amount to be paid for such advertisement shall not in the aggregate exceed the $5.00 provided in this section to be paid by such applicant for expenses." It is to be noted that the publication provided for is not limited to three newspapers.

The 4th section of the same act provides: " Section 1 of an act entitled ' An act to restrain and regulate the sale of vin-

orus and spirituous, malt or brewed liquors, or any admixture thereof, by wholesale,' approved the 9th day of June Anno Domini one thousand eight hundred and ninety-one, and all other acts or parts of acts, general or special, inconsistent herewith, be and the same are hereby repealed."

It is argued by the appellant that, under the provisions relating to publication and repeal as above quoted, the act of 1863, supra, is, by the general repealing clause and by necessary implication, repealed. We do not so regard it. The act of 1897 is not necessarily inconsistent with the act of 1863. The provision in the latter is for notice of publication in addition to the publications then required by existing laws and can be construed to be in addition to the publication which might thereafter be required by legal enactment, and this we take it is the correct legal construction, in the absence of a clause specifically repealing the act of 1863. It was so held in Kulp v. Luzerne County, 7 Kulp, 312, so far as the act of 1887 was concerned. The act of 1897, although containing a general repealing clause as to laws inconsistent therewith, does not in legal effect repeal the act of 1863 any more than did the act of 1887. We think the two acts can stand together, without inconsistency or repugnance and should be so construed.

It is alleged in the case stated, however : " 4. Reese Lloyd, clerk of the courts, refused to designate the Luzerne Legal Register as a newspaper for publication of liquor license list for 1901 and refused to furnish a copy of said list for said paper, neither was there any special order from the court of quarter sessions or any county official directing publication in said paper."

" 5. George B. Kulp, proprieter of said paper, obtained said liquor license list from other publications and in an issue of the Luzerne Legal Register, bearing date February 1, 1901, but not issued and circulated until February 4, 1901, published the said liquor license list. Said list was also published in an issue of said Luzerne Legal Register on February 8, 1901." It is also admitted in the first paragraph of the case stated that " February 18, 1891 (1901), was the first day of the session of the court fixed for hearing petitions for liquor licenses in Luzerne county for the current year." It was not necessary for the clerk of the courts to designate the Luzerne Legal Register

as a newspaper for the publication of liquor licenses, as that designation is made by the rule of court above quoted. His refusal to furnish the list, however, until it was too late to publish the notice, in accordance with the provisions of the rule of court was wholly arbitrary and would doubtless have been remedied at once upon application to the court. This refusal prevented the plaintiff from giving full fifteen days' notice of the applications for liquor licenses, as is necessary in such publications as are required by law, but it is to be remembered that the notice published in the Luzerne Legal Register is in addition to notices required by law and must be such only as may be approved by the court, which must determine what is a compliance with its own rule. That the court regarded the published notice as a substantial compliance with its rule is evident from the judgment entered for the plaintiff on the case stated. We see nothing arbitrary or unreasonable in the action of the court, as the publication doubtless practically supplied the notice contemplated by the rule and answered its requirements. Upon a consideration of all the facts contained in the case stated, we see nothing erroneous in the judgment, and it is, therefore, affirmed.