## Sun & Banner Publishing Company *v.* Bennett, Appellant.

*Liquor laws—Publication of notice—Lycoming county—Statutes—Acts of April 10, 1873, P. L. 600, and July 30, 1897, P. L. 464.*

The publication of the list of applicants for license to sell liquors in Lycoming county is governed by the general Act of July 30, 1897, P. L. 464, entitled "An act to provide revenue and regulate the sale of malt, brewed, vinous and spirituous liquors," etc., and not by the local act of April 10, 1873, entitled "An act in relation to legal advertisements in the county of Lycoming."

The act of April 10, 1873, does not in itself authorize the publication of notice in any case; it was only intended to become operative when some other law or decree required a publication in more than one newspaper. The repugnance between the acts of April 10, 1873, and July 30, 1897, is irreconcilable.

Argued March 10, 1904.   Appeal, No. 1, Feb. T., 1904, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1902, No. 421, for plaintiff on case stated in suit of Sun & Banner Publishing Company v. C. E. Bennett.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Case stated to determine liability for cost of advertising liquor license applications.   Before HART, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff for $63.00 on case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*C. L. Peaslee*, with him *W. H. Spencer* for appellant.—There is no peculiar sacredness about a special act of assembly; and when the legislature by a general law has declared that all acts, general or special, inconsistent therewith are repealed, the same rules of interpretation apply between a general and a special law as between two general laws. If the provisions of the two laws are so repugnant or inconsistent that both laws cannot be executed, the later act repeals the earlier one: Brown v. County Commissioners, 21 Pa. 37; Rounds v. Waymart Borough, 81 Pa. 395-397; Sifred v. Commonwealth, 104 Pa. 179; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231; Commonwealth v. Macferron, 152 Pa. 244; Jadwin v. Hurley, 10 Pa. Superior Ct. 104; Commonwealth v. Vetterlein, 21 Pa. Superior Ct. 587.

If there is an intent to repeal, the prior local law will be repealed: Nusser v. Com., 25 Pa. 126; Johnston's Est., 33 Pa. 511; Best v. Baumgardner, 122 Pa. 17; Keller v. Com., 71 Pa. 413.

*Seth T. McCormick*, for appellee.—Statutes of a general nature do not repeal by implication charters and special acts passed for the benefit of particular municipalities: Weaver v. Schuylkill Co., 17 Pa. Superior Ct. 327; Commonwealth v. Summerville, 204 Pa. 300.

It is against reason to suppose that the legislature, in framing a general system for the state, intended to repeal a special or local act which the local circumstances made necessary. The legislature, not the courts, judge of the necessity: Malloy v. Com., 115 Pa. 25; Murdock's Petition, 149 Pa. 341; Deniston's App., 9 Pa. Superior Ct. 212; McHenry's Petition, 6 Pa. Superior Ct. 464; Com. v. DeCamp, 177 Pa. 112; Brown v. Commissioners, 21 Pa. 37; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231; Com. v. Vetterlein, 21 Pa. Superior Ct. 587.

OPINION BY PORTER, J., October 17, 1904:

The plaintiff company is the publisher of a newspaper in the county of Lycoming, and the defendant was in 1902 the clerk of the court of quarter sessions of said county. The defendant caused the list of applicants for license to sell liquors, for the

year in question, to be published in three newspapers of the county, designated by him, in accordance with the provisions of the third section of the Act of July 30, 1897, P. L. 464. The newspaper published by the plaintiff company was not one of the three so designated by the defendant, but said list of applications was published therein by the plaintiff, without the authority of the defendant, and this action was brought to recover the amount charged for such publication. The parties agreed upon a case stated, including the following material facts: The newspaper published by the plaintiff company has the largest bona fide circulation of any newspaper in the county of Lycoming, and had been duly designated by the court of common pleas of said county, as the newspaper in which one of the advertisements contemplated by the act of April 10, 1873, P. L. 600; entitled, "An act in relation to legal advertisements in the county of Lycoming," should be published; the list of liquor license applications for the year 1902 was published in said newspaper twice, within the period limited by law for said publication; the amount charged and now sought to be recovered for said publication is less than the usual rate charged for advertisements in said newspaper; the defendant was the clerk of the court of quarter sessions of Lycoming county and, as such, designated three other newspapers to publish the list of applications for license to sell liquors for said year, and caused such publication to be made in said newspapers in accordance with the provisions of the Act of July 30, 1897, P. L. 464; the amount which the plaintiff company seeks to recover added to the amounts which the defendant has already paid for the publication in the three other newspapers does not make a sum exceeding the aggregate of the fees paid to cover said expenses, five dollars in each case, by the applicants for license. The question presented for the determination of the court, under the terms of the case stated was : " If the court be of the opinion that, notwithstanding the provisions of the act of July 30, 1897, it was the duty of C. E. Bennett, clerk of the court of quarter sessions of Lycoming county, to insert the advertisements for applications for liquor licenses in the county of Lycoming in the Sun & Banner, then judgment to be entered for the plaintiff . . . . But if not, then judgment to be entered for the defendant."

The plaintiff company founds its claim upon the provisions of the Act of April 10, 1873, P. L. 600 ; entitled, " An act in relation to legal advertisements in the county of Lycoming." The part of that act here material is as follows : " Section 1. . . . That from and after the passage of this act all sheriff's sales of real estate, election proclamations, and all other legal advertisements, required by law, or as decree of any of the courts of record in the county of Lycoming, to be published in more than one newspaper in said county one of such publications shall be made in the newspaper having the largest bona fide circulation."

The contention is that this special local act must, as to the county of Lycoming, control and modify the manner in which the list of applications for license to sell liquors is authorized and required to be made by the Act of July 30, 1897, P. L. 464, section 3. The provisions of the latter act, in so far as material, are : " Every person intending to apply for license as aforesaid under the provisions of this or any other act of assembly in any city or county of this commonwealth, on or after the passage of this act, shall file with the clerk of the court of quarter sessions of the proper county his, her or their petition, at least three weeks before the first day of the session of the court at which the same is to be heard, and shall, at the same time, pay said clerk five dollars for expenses connected therewith; and said clerk shall cause to be published two times in three newspapers designated by him, one of which may be printed in the German language, the list containing the names of all such applicants, their respective residences, and the place for which application is to be made ; . . . . Provided, the amount to be paid for such advertisements shall not, in the aggregate, exceed the five dollars provided in this section to be paid by such applicants for expenses." The argument of the plaintiff is, that the act of 1897 requires the publication in more than one newspaper, that the special local act of 1873 is not repealed by the general act of 1897, and that, therefore, one of the three newspapers in which the notice is published must be that having the largest bona fide circulation, notwithstanding the requirement of the act of 1897 that the three newspapers shall be designated by the clerk.

The Act of July 30, 1897, P. L. 464, entitled, " An act to

provide revenue and regulate the sale of malt, brewed, vinous and spirituous liquors," etc., is part of a system of which the Act of May 13, 1887, P. L. 108, entitled, " An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixture thereof," and the act of June 9, 1901, entitled " An act to restrain and regulate the sale of vinous, spirituous, malt or brewed liquors, or any admixture thereof by wholesale," are the foundation. That legislation did not repeal previous special statutes forbidding the granting of any license in particular localities, Murdock's Petition, 149 Pa. 341, but it provided a general system for the issuing of licenses, vested exclusive jurisdiction to grant them in the court of quarter sessions, and provided a course of procedure for the exercise of that jurisdiction, and struck down all local laws authorizing the issuing of licenses in any other manner or by any other authority : Commonwealth ex rel. Stein v. McCandless, Treasurer, 21 W. N. C. 162. The only authority for filing an application for license to sell liquors or for the publication of a list of such applications, in the county of Lycoming, is in the legislation of which the act of 1897 is a part. The local act of 1873, upon which the plaintiff relies, did not in itself authorize the publication of notice in any case ; it was only intended to become operative when some other law, or decree, required a publication in more than one newspaper. If the act of 1897 was not in force in Lycoming county, no list of license applications ought to have been published in 1902, and it would necessarily follow that the plaintiff was not entitled to recover. The plaintiff, in order to establish his right to recover, must invoke the provisions of the general statute in order to justify any publication, and then maintain that the local statute prevents the publication in the manner in which it was authorized by the general statute to be done.

A general affirmative statute will not repeal a previous particular statute upon the same subject, though the provisions of the former be different from those of the latter : Bell v. Allegheny County, 149 Pa. 381; Murdock's Petition, supra. The appellee invokes this rule but we cannot agree that it is applicable to this case. " The rule is one of construction adopted in order to settle judicially the legislative intent in the absence of words declaring such intent : " Commonwealth

ex rel. v. Macferron, 152 Pa. 244. The purpose of the act of 1897 and the legislation to which it is supplementary was to create throughout the state a uniform system for the raising of revenue and the regulation of the liquor traffic, to vest the jurisdiction to grant licenses in the court of quarter sessions of each county, and to provide a course of procedure which should be of universal application to all of the courts upon which jurisdiction was thus conferred. The legislature, for reasons which the courts are bound to accept as satisfactory, saw fit to require that public notice of the proceeding to obtain a license must be given in a particular manner, in newspapers to be designated by a certain public officer. That notice is an essential part of the procedure, and no license ought to issue unless the notice has been given in the manner prescribed by the act which confers the jurisdiction. Had the local act provided for some publication in addition to that required by other statutes, there would be no repugnancy and the two acts could have stood together: Kulp v. Luzerne County, 20 Pa. Superior Ct. 7 ; McGreevy v. Kulp, 126 Pa. 97. The act of 1873 did nothing of this kind, it can only be construed to apply to the very publications required by other statutes. If the contention of the appellee is sound the publication of the list of applications for license to sell liquors in the county of Lycoming must be published in the newspaper of the plaintiff company and in two other newspapers to be designated by the clerk of the court of quarter sessions, while in every other county of the state all three newspapers must be designated by the clerk of the court of quarter sessions, and this result is reached not because it is authorized by the general statute, but for the reason that the general statute cannot be carried into effect because of the local law. The repugnance is irreconcilable. The legislative purpose in the enactment of the general statute was to revise and consolidate the laws regulating the granting of licenses to sell liquors, or to substitute a new system and the courts will give effect to the legislative purpose : Johnston's Estate, 33 Pa. 511; Best v. Baumgardner, 122 Pa. 17 ; Commonwealth ex rel. v. Macferron, supra. The contention of the appellee is an attempt to engraft, by an unwarranted implication, part of a general act upon one that is purely local, and this anomalous patchwork would result in the exercise of

a power, conferred upon the court by statute, without observing the forms of procedure prescribed by the statute conferring the jurisdiction. This cannot be done: Kilgore v. Commonwealth, 94 Pa. 495. The local act of 1873 is flatly repugnant to the general act of 1897, and the statute to which the latter act is supplementary, both cannot be executed, and the result is the repeal of the prior local act in so far as it is applicable to the publication of the list of applications for license to sell liquors: Brown v. Commissioners, 21 Pa. 37; Spees v. Boggs, 204 Pa. 504.

The judgment is reversed and judgment is now entered in favor of the defendant.