## Credit Union Charter Application

O'HARA, Deputy Attorney General, June 7, 1934.—We have your request to be advised whether notice of the intention to apply for a charter.for a credit union, to be created under the provisions of the Act of May 26, 1933, P. L. 1076, must be advertised in the legal newspaper of the proper county, issued at least weekly, in addition to publication in one newspaper of general circulation printed in the county where the principal place of business is situated.

The Act of May 26, 1933, P. L. 1076, providing for the incorporation of coöperative savings and credit associations, also known as credit unions, requires, in section 2(b), that notice of intention to apply for any such charter be published in one newspaper of general circulation printed in the county where the principal place of business is situated. By section 24 of that act, all laws and parts of laws inconsistent therewith are repealed.

The Act of May 3, 1909, P. L. 424, as amended, provides that in all counties of the first, second, third, fourth, and fifth classes, every notice or advertisement required by law or rules of court to be published in one or more newspapers of general circulation, unless dispensed with by special order of court, shall thereafter also be published in the legal newspaper, issued at least weekly, in these counties, designated by rules of court for the publication of court or other legal notices if such legal newspaper exists. This act was last amended by the Act of April 9, 1931, P. L. 20.

Clearly, unless the Act of 1909, as amended, has been repealed by the provisions of the Act of 1933 relating to publication and by the general repealing clause therein, the notice of intention required by the Act of 1933 must also be published in the legal journal of the proper county. In our opinion, the provision of the Act of 1933 relating to publication is not inconsistent with the provisions of the Act of 1909, and the provisions of the latter act have not been repealed by the general repealing clause of the Act of 1933.

We find support for our position in Kulp v. Luzerne County, 20 Pa. Superior Ct. 7 (1902). The question presented in that case was whether the Act of February 12, 1863, P. L. 28, providing for additional publication in the legal journal of the county, was repealed by the Act of July 30, 1897, P. L. 464, relating to the publication of lists of applicants for liquor license. The court, in an opinion by Beaver, J., said, at page 12:

"It is argued by the appellant that, under the provisions relating to publication and repeal as above quoted, the act of 1863, supra, is, by the general repealing clause and by necessary implication, repealed. We do not so regard it. The act of 1897 is not necessarily inconsistent with the act of 1863. The provision in the latter is for notice of publication in addition to the publications then required by existing laws and can be construed to be in addition to the publication which might thereafter be required by legal enactment, and this we take it is the correct legal construction, in the absence of a clause specifically repealing the act of 1863. It was so held in Kulp v. Luzerne County, 7 Kulp, 312, so far as the act of 1887 was concerned. The act of 1897, although containing a general repealing clause as to laws inconsistent therewith, does not in legal effect repeal the act of 1863 any more than did the act of 1887. We think the two acts can stand together, without inconsistency or repugnance and should be so construed."

Therefore, you are advised that notice of intention to apply for a charter for a coöperative savings and credit association, or "credit union", must be published in the legal journal of the proper county as required by the Act of 1909, as last amended by the Act of 1931, in addition to publication in a newspaper of general circulation as required by the Act of May 26, 1933, P. L. 1076.

From C. P. Addams, Harrisburg, Pa.