## Walker's License.

*Liquor license—License—Petition—Description of building.*

A petition for a wholesale liquor license described the premises as follows : " That certain storeroom and dwelling containing storeroom, three rooms and cellar, and occupied last year as a wholesale liquor store by your petitioner, situate in the eleventh ward, Pittsburg, in said county being ———." A remonstrance was filed to the effect " that the place to be licensed is not necessary for the accommodation of the public." The court below granted the license. *Held* that the description was not so manifestly misleading and uncertain as to be so declared as a matter of law, and that the order of the lower court should be sustained.

Argued Oct. 19, 1903.    Appeal, No. 15, April T., 1904, by William Wallace, from order of Q. S. Allegheny Co., March T., 1903, No. 111, granting liquor license in In re Petition of William Wallace Walker.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Petition for liquor license.
The opinion of the Superior Court states the facts.

*Error assigned* was the order of the court.

*M. H. Stevenson*, for appellants.

*A. C. Robertson*, for appellee.

OPINION BY ORLADY, J., December 19, 1903 :

The court below granted a license to sell liquor at wholesale under the Act of June 9, 1891, P. L. 257, and the argument of appellant is directed against the sufficiency of the description of the licensed premises.    The fourth section of the act requires that the petition shall contain : "Second. The particular place for which a license is desired."    The petition describes the premises as follows :  " That certain storeroom and dwelling containing storeroom, three rooms and cellar, and occupied last year as a wholesale liquor store by your petitioner, situate in the eleventh ward, Pittsburg, in said county, being ———."    The statute does not specify the manner the

place for which the license is desired shall be described or identified. If the description given in the petition is sufficiently plain to give notice with reasonable certainty to the court and the public " of the particular place for which the license is desired," it fulfills the purpose of the statute. The phraseology used is not so important as the information it conveys. The question was affirmatively clear to the mind of the court else the license would not have been granted. It is true that the street and lot number were not stated, but that is only one of several means of identification. The remonstrants were not misled nor in doubt on the subject, as the description given induced them to file as their first objection, " that the place to be licensed is not necessary for the accommodation of the public," on which issue they had a hearing and a decision against them.

All that we decide is that the description given in the petition is not so manifestly misleading and uncertain as to be so declared as a matter of law, and the court below having acted thereon we will not reverse the decree entered.

Decree affirmed.

Morrison and Henderson JJ., dissent.