## Knoblauch's License.

*Liquor laws—Appeals—Wrongful exercise of discretion.*

Where the record of an application for a liquor license plainly shows that the court of quarter sessions has not proceeded according to law, but has refused a license for a reason which the law does not recognize as valid, its action stands on no legal basis and it is the duty of the appellate court to correct it.

*Liquor law—License—Hotel accommodations—Statutes—Repeal.*

The general liquor law of May 13, 1887, P. L. 108, repeals section 9 of the Act of March 31, 1856, P. L. 200, which requires that a hotel be licensed, shall have for the "exclusive use of travelers at least four bedrooms and eight beds." Even if the ninth section of the act of 1856, were still in force, the omission to aver in the petition that the applicant has the accommodations therein referred to would not be a fatal defect.

A subsequent affirmative statute is a repeal by implication of a former one made concerning the same matter if it introduces a new rule upon the subject, and be evidently intended as a substitute for the former law, although it contains no expressed words repealing it.

Argued April 24, 1905. Appeal, No. 1, March T., 1905, by Gustav A. Knoblauch, from order of Q. S. Dauphin Co., No. 1, Retail Liquor License, refusing application for a retail liquor license In re Application of Gustav A. Knoblauch. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Petition for a retail liquor license. Before WEISS, P. J. The opinion of the Superior Court states the case.

*Error assigned* was the order refusing a license.

*John T. Brady*, for appellant.—The authority of the appellate courts to examine and review the proceedings of the court of quarter sessions in the matter of granting liquor licenses is no longer an open question: Pollard's Petition, 127 Pa. 507 ; Donoghue's License, 5 Pa. Superior Ct. 1.

When the court below files an opinion refusing a retail liquor license, the appellate court will consider the reasons assigned for such refusal, and if it appear that the license judge has not proceeded according to law, but has acted on reasons

which the law does not recognize as valid, his action stands on no legal basis, and it is the duty of the court to correct it: Babb v. Taylor, 2 Pa. Superior Ct. 38; Donoghue's License, 5 Pa. Superior Ct. 1; Distiller's License, 6 Pa. Superior Ct. 87; Com. v. Carey, 151 Pa. 368; Klein v. Livingston Club, 177 Pa. 224: Com. v. McCandless, 21 W. N. C. 162; Meenan's App., 11 Pa. Superior Ct. 579; Com. v. Iron City Brewing Co., 146 Pa. 642; Kittanning Boro. v. Mast, 15 Pa. Superior Ct. 51.

The act of May 13, 1887, revised the whole subject-matter of retail license legislation and was a substitute for the old laws: Meenan's App., 11 Pa. Superior Ct. 579; Com. v. Iron City Brewing Co., 146 Pa. 642; Kittanning Boro. v. Mast, 15 Pa. Superior Ct. 51.

The act of 1887 having completely revised the whole subject-matter of retail license legislation, and being a substitute for all of the old laws, it operated to repeal them: Johnston's Est., 33 Pa. 511; Penna. R. R. Co., v. Bogert, 209 Pa. 589; Com. v. Summerville, 204 Pa. 300; Meenan's App., 11 Pa. Superior Ct. 579; Sauers' License, 23 Pa. Superior Ct. 463.

*James A. Stranahan,* for appellees.—This license was refused in the exercise of a proper discretion : Raudenbusch's Petition, 120 Pa. 328; Meenan's App., 11 Pa. Superior Ct. 575; Pollard's Petition, 127 Pa. 507.

The object of the act of 1887 was clearly to restrain the sale of intoxicating liquors and especially to the consumer: Pollard's Petition, 127 Pa. 507; Raudenbusch's Petition, 120 Pa. 328.

The act of 1887 does not repeal the act of 1856: Behny v. Bassler, 4 Pa. C. C. Rep. 496 ; Lackawanna County Licenses, 5 Pa. C. C. Rep. 462.

OPINION BY RICE, P. J., July 13, 1905 :

This is an appeal from an order of the quarter sessions refusing the appellant's application for a retail liquor license. His application was duly filed and complied in every respect with the requirements of the Act of May 13, 1887, P. L. 108. The court refused the license for the reasons thus set forth in the record: " The application for the license is refused because

the petition does not set forth the requisites for an hotel, as required by the 8th section of the act of 1856. It is refused because the petition asks for the sale of liquors, viz.: vinous and spirituous liquors, not authorized by the 14th section of the act of 1856, nor by the Act of March 22, 1867, P. L. 40." In other words, the court held that it has no authority to grant a license in any city or county town " for the sale of ˙ vinous, spirituous, malt or brewed liquors at retail in quantities not exceeding one quart "—the kind of license defined in the 2d section of the act—unless it is alleged in the petition and proved at the hearing that the place to be licensed has " for the exclusive use of travelers at least four bed-rooms and eight beds" as provided in the 9th section of the Act of March 31, 1856, P. L. 200. Having arrived at this conclusion it became unnecessary, as the learned judge said, " to consider the necessity of the license for the accommodation of the public." It is plain, therefore, that if his conclusion as to his discretionary power to entertain the petition is erroneous the case must go back for a consideration and determination of the question whether the license is necessary for the accommodation of the public. Where the record itself plainly shows that the court has not proceeded according to law but has refused a license for a reason which the law does not recognize as valid, its action stands on no legal basis and it is the duty of the appellate court to correct it: Gemas's License, 169 Pa. 43; Doberneck's Appeal, 1 Pa. Superior Ct. 99; Babb v. Taylor, 2 Pa. Superior Ct. 38. Many other cases to the same effect might be cited but it is unnecessary.

Whatever view may be taken of the question whether it is an indispensable requisite that the place to be licensed has the accommodations above referred to, it is clear that it is not requisite that the fact be set forth in the petition. The 5th section of the act prescribes in great detail what the petition must contain. We have held that such a petition, if filed in due time and duly advertised entitles the applicant to a hearing and gives the court jurisdiction to grant the license if in the exercise of a sound judicial discretion it determines that the license is necessary for the accommodation of the public and the other essential facts are proved: Sauers's License, 23 Pa. Superior Ct. 463. Hence even if the 9th section of the act

of 1856 were still in force, the omission to aver in the petition that the applicant has the accommodations therein referred to would not be a fatal defect.

But second, we are of opinion that that section is not in force. A subsequent affirmative statute is a repeal by implication of a former one made concerning the same matter if it introduces a new rule upon the subject, and be evidently intended as a substitute for the former law, although it contains no express words repealing it: Johnston's Estate, 33 Pa. 511; Penna. R. R. Co. v. Bogert, 209 Pa. 589, and cases there cited. We are of opinion that this principle is applicable here. In the appeals of Meenan et al, 11 Pa. Superior Ct. 579, we had occasion to review the liquor license legislation prior to the act of 1887 and after a careful consideration of the question arrived at this conclusion: "That there was occasion, if not imperative necessity, for a revision of the liquor license laws is apparent from this review, and, we may add, was generally conceded at the time. But this could only be accomplished by general laws. The agitation resulted, in 1887, in the passage of two acts. The first of these was not a mere supplement to, or amendment of, prior laws, but is a complete revision of the law upon the subject and, so far as retail licenses were concerned, was intended to be applied 'according to its own clear and self-supporting provisions.' The purposes of the legislation, as expressed in the title of this act, were, first, to 'restrain' the sale of intoxicating liquors, which it was supposed the high license feature, the penal provisions, and the change in the mode of granting licenses in Philadelphia and Allegheny would have a tendency to accomplish; second, to 'regulate' the sale by a general law, applicable to every part of the state, excepting where special prohibitory laws were in force, directing how and upon what conditions a license to 'retail' any and all kinds of intoxicating liquors, whether vinous, spirituous, malt or brewed might be obtained, vesting the power to issue such licenses, after a judicial investigation and upon the exercise of a sound discretion, in the courts of quarter sessions of each county, and clearly defining the privileges that such license conferred upon the holder. The license issued under the act of 1887, unlike that issued under the act of 1834, and earlier as well as later laws, is not a license to keep an inn or tavern (a

public house of entertainment for all who choose to visit it, and which has some provisions for the needs of a traveler upon his journey, namely, lodging as well as food) with the incidental right to sell intoxicating liquors in quantities less than a quart, but is a license to sell at retail." After a careful reconsideration of the question in the light of the able argument of the appellee's counsel and the able opinion filed by the learned judge below we see no reason for departing from this conclusion. Unquestionably, as suggested in that case, in determining whether the license is necessary for the accommodation of the public and the entertainment of strangers or travelers, the court may very properly receive and consider evidence as to the kind of place that is to be kept, yet the act does not make it an indispensable requisite that the place be adapted for the accommodation of the public in the mode referred to in the act of 1856. We conclude, therefore, that the court proceeded upon a mistaken theory of its discretionary power in the premises. Whether in view of all of the facts brought before the court the license should or should not be granted is not a question for us to determine. What we decide is, that the court has discretionary power to grant the license even though it was neither alleged in the petition nor proved at the hearing that the place for which the license is desired has the accommodations referred to in the 9th section of the act of 1856.

The order is reversed and a procedendo awarded.