# Commonwealth, Appellant, *v.* Shaffer.

*Criminal law—Costs—Prosecutor—Discretion of court.*

1. The statutes authorizing the jury, in cases of acquittal, to determine, by their verdict, whether the prosecutor, the county, or the defendant should pay the costs, do not take away the common-law supervisory power of the courts which belongs to trial by jury; hence, the court has power to set aside that part of a verdict of acquittal which imposes the costs on the prosecutor.

2. Where the prosecution is not trifling, but one of a grave character; where it is not unfounded, but founded upon probable cause existing at the time it was commenced, but afterwards fails by the death of material witnesses, and where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for the costs.

3. In disposing of the costs, the discretion of the grand jury, of the petit jury, and of the court, is in its nature judicial, and is to be guided in its operation by the general principles that govern the exercise of judicial discretion. It may be reviewed only so far as to determine whether its exercise is judicial or arbitrary, and it is only an abuse of this discretion that is subject to correction.

4. The phrase "abuse of discretion" as applied to judicial proceedings, does not necessarily imply a willful abuse or intentional wrong. It may occur through an honest though erroneous opinion entertained by the court as to the nature and extent of its discretionary power and as to the legal principles governing its exercise. And where this is plainly made to appear to the appellate court, in a legitimate way, it may set aside the action complained of and remit the matter to the court of first instance, with direction to proceed according to the legal principles governing the judicial discretion committed to it.

5. In determining whether the trial court has properly exercised its discretion in refusing to set aside a verdict against the prosecutor for costs, the appellate court may look into the opinion of the lower court for the purpose of ascertaining the grounds of its decision.

6. Where a jury returned a verdict for costs against a commissioner of health, who had prosecuted a person for polluting a stream and the court below found as a fact that the prosecution had been instituted in good faith and without malice, and for the public good, and that the jury might have convicted the defendant, the court is guilty of an abuse of discretion in not setting aside the verdict against the prosecutor, if it appears from the opinion that the trial judge thought that he had no power to do so under the circumstances. In such a case the appellate court will remit the case for proper action by the court below.

Argued Oct. 9, 1912.  Appeal, No. 20, March T., 1913, by plaintiffs, from order of Q. S. Columbia Co., Dec. Session, 1911, No. 4, refusing to set aside verdict against prosecutior for costs in Commonwealth v. Elmer Shaffer. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and PORTER, JJ.  Reversed.

Motion to set aside verdict for costs.  Before EVANS, P. J.

From the record it appeared that the prosecutor, S. B. Arment, a duly appointed medical examiner, under specific directions from the commissioner of health of the commonwealth of Pennsylvania, and upon advice of special counsel, brought a prosecution against the defendant for pollution of the waters of the state, in violation of the act of April 22, 1905, and for the common law of offense of maintaining a nuisance.

The petit jury acquitted the defendant and placed the costs upon the prosecutor.  The court below, although finding as a fact that the prosecution was instituted in good faith, upon probable cause and by a public officer, in the performance of his duty, and that the charge was of a grave and serious character, affecting the public health, nevertheless, refused to set aside the verdict in so far as it related to costs.

*Error assigned* was order refusing to set aside the verdict.

*A. W. Duy,* and *Christian A. Small,* district attorney, for appellants.—It was the duty of the court of quarter sessions to set aside the verdict imposing costs upon the prosecutor: Kohler v. R. R. Co., 135 Pa. 346; Guffy v. Com., 2 Grant (Pa.), 66; Com. v. Doyle, 16 Pa. Superior Ct. 171; Com. v. Charters, 20 Pa. Superior Ct. 599.

In the following cases the courts of this commonwealth have promptly granted motions to set aside such verdicts: Com. v. Hunter, 11 Pa. C. C. Rep. 637; Com. v. Bannon,

1 Pa. Dist. Rep. 130; Com. v. Ream, 13 Lanc. Bar. 134; Com. v. Grim, 1 Pa. C. C. Rep. 40; Com. v. Jackson, 1 Del. County Rep. 81.

The discretion of the lower court may be reviewed: English's App., 119 Pa. 533; Book v. Sharpe, 189 Pa. 44; Schrimpton v. Bertolet, 155 Pa. 638; Gillespie v. Agnew, 22 Pa. Superior Ct. 557; Pollard's Petition, 127 Pa. 507; Huntingdon County Line, 11 Pa. Superior Ct. 386; Sharon v. Sharon, 75 Cal. 48 (16 Pac. Repr. 345); Murray v. Buell, 74 Wis. 14 (41 N. W. Repr. 1010); Detroit Tug & Wrecking Co. v. Wayne, 75 Mich. 360 (42 N. W. Repr. 968); Rex v. Wilkes, 4 Burr. 2527; Schlaudecker v. Marshall, 72 Pa. 200; Augustine v. Wolf, 29 Pa. Superior Ct. 336.

*W. H. Rhawn*, for appellee.

OPINION BY RICE, P. J., February 27, 1913:

The point clearly decided in Guffy v. Commonwealth, 2 Grant (Pa.), 66, was, that the statutes authorizing the jury, in cases of acquittal, to determine, by their verdict, whether the prosecutor, the county, or the defendant should pay the costs, do not take away the common-law supervisory power of the courts which belongs to trial by jury; hence, the court has power to set aside that part of a verdict of acquittal which imposes the costs on the prosecutor. This decision has not been questioned in any later Supreme Court case; its binding authority has been recognized by this court in Com. v. Doyle, 16 Pa. Superior Ct. 171; Com. v. Charters, 20 Pa. Superior Ct. 599; Com. v. Kocher, 23 Pa. Superior Ct. 65; Com. v. Chartiers Railway, 28 Pa. Superior Ct. 173; Com. v. Gaines, 42 Pa. Superior Ct. 550; and it has been generally followed by the courts of quarter sessions throughout the state. The case is also valuable because, after pointing out some of the glaring instances in which the power may be and should be exercised, the court declared generally, "Where the prosecution is not trifling, but one of a grave

character; where it is not unfounded, but founded upon probable cause existing at the time it was commenced, but afterwards fails by the death of material witnesses, and where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for the costs.   In short, this is the duty of the court in all cases where there is nothing in the testimony to show that the prosecutor behaved improperly." It is appropriate to refer, in this immediate connection, to Com. v. Doyle, 16 Pa. Superior Ct. 171.   There, the jury acquitted the defendant and imposed the costs on one Devine, whom they named as prosecutor.   The court refused to entertain his petition to set aside the verdict as to costs, and assigned, as its reason for so doing, that several terms had intervened since the verdict was rendered.   On appeal to this court, this was held to be error, and accordingly the order was reversed and the record remitted with direction that a rule to show cause why the verdict as to costs should not be set aside be issued and the appellant be granted a hearing thereon.   As to the discretionary power of the quarter sessions, in a proper case, to grant the relief prayed for, and as to the principles by which it is to be governed in the exercise of its discretion, our Brother ORLADY said: "After a hearing by the court there is no question of that tribunal's power to set aside these verdicts so far as they apply to P. F. Devine, if it concludes that he acted upon well-founded grounds of belief in notifying the constable of an offense which ought to have been investigated, and he is entitled to the presumption that he did so act.   The Act of March 31, 1856, P. L. 200, was intended to prevent neglect of duty by constables, but was not intended to expose the party giving the notice to the risks of a prosecutor unless there was evidence to warrant a special finding of the jury that he was legally liable as such."   Again, recognizing the doctrine of Guffy v. Com., he said: "Where the prosecution is not trifling, but one of grave character; where it is not unfounded, but founded upon probable

cause . . . . and where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for the costs."

There being no doubt that the power of the court in this regard rests on as broad and as firm foundation as the power of the civil courts to grant new trial, the next question to be considered is as to the revisory jurisdiction of this court. The power belongs to the class denominated discretionary, and it has been said in some cases, where no more definite statement of the rule was required, that, being matter within the discretion of the trial court, the action of that court is not the subject of review. But, as shown by numberless cases in which the subject has been fully considered, this statement of the rule as to the review of the exercise of discretionary power is subject to qualification. Sometimes, by reason of the limited scope of the writ issued by the appellate court, the revisory jurisdiction of that court is necessarily restricted, and in such cases it will be presumed, if there be no irregularity in the record, that the court exercised its discretion properly. So, also, the appellate court will not substitute its discretion for that of the court to which discretion is committed, nor set aside the action of the court merely because it would have acted differently under the same circumstances. But it by no means follows that the action of the lower court under a discretionary power is never reviewable. The true rule applicable to cases like that before us was thus stated by Judge SMITH in Com. v. Kocher, 23 Pa. Superior Ct. 65: "In disposing of the costs, the discretion of the grand jury, of the petit jury, and of the court, is in its nature judicial, and is to be guided in its operation by the general principles that govern the exercise of judicial discretion. It may be reviewed only so far as to determine whether its exercise is judicial or arbitrary; and it is only an abuse of this discretion that is subject to correction." The phrase, "abuse of discretion," as applied to judicial proceedings, does not necessarily imply a willful abuse or intentional wrong.

It may occur through an honest though erroneous opinion entertained by the court as to the nature and extent of its discretionary power and as to the legal principles governing its exercise.   And where this is plainly made to appear to the appellate court, in a legitimate way, it may set aside the action complained of and remit the matter to the court of first instance, with direction to proceed according to the legal principles governing the judicial discretion committed to it.   Kelminski's License, 164 Pa. 231; Gemas's License, 169 Pa. 43; Knoblauch's License, 28 Pa. Superior Ct. 323, and Katharine Water Co., 32 Pa. Superior Ct. 94, are illustrative cases sustaining this view.   Our decision in Com. v. Charters, 20 Pa. Superior Ct. 599, upon which the learned judge below and the appellee's counsel rely, is not in conflict with it.   That decision was based on technical grounds which, as will be seen later, do not exist as obstacles in this case to a proper review of the ruling complained of.

The next question to be considered is as to whether, and to what extent, the opinion of the trial court may be considered in determining the question for decision.   We shall not undertake to reconcile all of the cases bearing on that general subject.   According to the doctrine of the latest cases the opinion of the court may be examined on appeal, at least so far as may be necessary to ascertain the basis of its action: Independence Party Nominations, 208 Pa. 108; Krickbaum's Contested Election, 221 Pa. 521. It is to be observed further, that, under the Act of May 19, 1874, P. L. 219, on the trial of an indictment for nuisance the commonwealth may take an exception to any decision or ruling of the court, and have a bill sealed, according to the practice in civil cases.   It is not clear that the ruling complained of was not subject to exception under this statute.   See Com. v. Bradney, 126 Pa. 199.   But be that as it may, we conclude that, under the two cases above cited, the opinion of the court may be looked into for the purpose of ascertaining the reasons or grounds of the decision.

The indictment in this case contained five counts, the first charging pollution of waters of the state; the second, discharge of sewage into waters of the state, after notice; the third, discharge of sewage into waters of the state, injurious to public health; the fourth, discharge of sewage into waters of the state, from abattoir, cattle pens, and barnyard, after notice; and the fifth, maintaining a public nuisance. The prosecution was instituted on the information of Dr. S. B. Ament, who was medical examiner for Columbia county, representing the department of health. The commissioner of health is a sworn official, the law imposes on him the duty of enforcing the health laws of the commonwealth, and it is to be presumed in the first instance that, under his oath of office, his duties as the representative of the commonwealth will be properly performed: Com. v. Emmers, 33 Pa. Superior Ct. 151; 221 Pa. 298. It is thus seen that the prosecution in this case was in no sense a private one to redress a private grievance, but was in the broadest sense a public one, brought by a public official in the performance of the duty imposed upon him, and the offense charged was of a grievous nature affecting the public health. As was said in Guffy v. Com., so it may be said here with particular force: "No man supposes for a moment, that the legislature intended to place it in the power of the jury to impose severe penalties upon public officers for the faithful performance of their duty." It is not meant by this that the jury may not impose the costs of an unfounded prosecution upon a public official who maliciously or recklessly instituted it and is the avowed prosecutor. But where the prosecution was not unfounded, where there was probable cause for instituting it, and the official has acted in good faith, care should be taken that he be not capriciously punished by the jury for the faithful and conscientious discharge of his sworn duty. This is a responsibility imposed on the trial court, and, while that court will be slow to set aside the verdict of a jury imposing the costs on a prosecutor, yet it will always bear in mind that a

capricious verdict may be set aside, and that sometimes it is necessary to do so in order to prevent great wrong and injustice.  Where, a case arises plainly calling for the exercise of this power, the court will not refuse to exercise it, for otherwise public officials would be always in peril of the costs, even though they act on the best grounds and upon a sole regard for the public interest.  To quote again from Guffy v. Com.: "While we should be careful to avoid the usurpation of powers not conferred, nothing can justify us in refusing to discharge the duties of a trust indisputably reposed by the people for their own protection." In his opinion dismissing the appellant's motion, the learned trial judge does not put his decision upon the ground that there was want of probable cause for the prosecution, or that the evidence produced on the trial would not sustain a conviction, or that the prosecutor was guilty of any impropriety of action or motive, either in the institution of the prosecution or in the conduct of the trial or in any other stage of the case.  Nor is it intimated in the opinion that there was any doubt as to either of these matters.  On the contrary, after pointing out there was ample testimony to have warranted the jury in convicting the defendant, if they believed it, the learned judge says: "There is no doubt but what this prosecution was brought in good faith and for what the health department of the commonwealth honestly and conscientiously believed was a plain and willful violation of the law, and that the charge was of a grave and serious character and brought in the interests of the public health.  But these facts alone do not warrant the court in setting aside the verdict."  It is true, it is stated in conclusion that in the court's opinion the verdict ought not to be disturbed.  But, having regard to the reason given for that conclusion, we cannot escape the conviction that the court proceeded upon a mistaken theory of its discretionary power; in other words, upon the theory that, though the facts be as above stated and be beyond doubt, they do not warrant the court in setting aside the verdict

as to costs.   This apparently was putting a limit on its power which the law, as laid down in the decisions to which we have referred, does not justify.   We do not say that the order must be granted; what we decide is, that the facts above alluded to would have warranted the court in making it, and that, in the absence of any other reason than that suggested in the opinion, such action would have been a proper exercise of the judicial discretion committed to the court.   Entertaining these views, the matter must be remitted to the quarter sessions for hearing and disposition in accordance with these principles.

The judgment is reversed, the motion to set aside the verdict against the prosecutor for costs is reinstated, and the record is remitted with a procedendo.