# Windber Brewing Company No. 2's License.

*Liquor law—Brewing company—Selling without license—Sale at brewery or destination—Prepayment of freight—Refusal of license—Discretion of court.*

1. Where a brewing company delivers beer at places other than the brewery, and its customers pay the freight or drayage when the beer is delivered to them, the mere fact that the company when it collects its bills allows credit for such freight or drayage, is not in itself sufficient to convict the brewing company of selling liquor without a license; and if the court of quarter sessions refuses to renew the company's license on this ground alone, such refusal will be reversed by the appellate court, and the case remanded so that proper action may be taken by the court below under all the circumstances that may be developed. The appellate court will not of itself make an order directing the issuance of the license.

2. The discretion vested in the court of quarter sessions to grant or refuse a liquor license is a judicial discretion, to be exercised for legal reasons, and in a judicial manner. When so exercised it is not reviewable; but where the court without willful abuse or intentional wrong, but through an honest or erroneous opinion as to the nature of its discretion, and as to the legal principles governing its exercise, refuses to grant a license, the appellate court will set aside the action of the

lower court, and remit the matter to such court with direction to proceed according to the legal principles governing the judicial discretion committed to it.

Argued May 7, 1913. Appeal, No. 209, April T., 1913, by Windber Brewing Company, No. 2, from order of Q. S. 16th Judicial Dist., Somerset Co., No. 70, License List, Feb. Sessions, No. 1,913, refusing liquor license In re Application of the Windber Brewing Company No. 2. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

In re application for liquor license.

RUPPEL, P. J., filed the following opinion:

Last year this applicant was refused a license for the reason that for some months prior to the hearing, the brewery had been violating the law by its shipments and deliveries in Somerset borough and possibly at other points. After the refusal of the license, eminent counsel from outside of the county of Somerset made an earnest plea for a rehearing and the granting of the license on the ground that the violations pointed out by the court had perhaps been through inadvertence, and that the punishment inflicted by the refusal of the license was more severe than the offense demanded. The rehearing was refused, and some time thereafter the present counsel for the applicant called to see me with reference to the granting of a license during the coming year, and particularly with reference to the question as to whether the former violation by this company, as ruled by the court, would be held as a bar against their receiving a license the coming year. The court informed counsel that it would not; that so far as those violations were concerned, they were past and the refusal of 1912 was sufficient punishment for what had transpired. Some time before the date fixed for the hearing of license application, the district attor-

ney informed me that his attention had been directed to violations of the law by this brewery between the date of the refusal of the license in March, 1912, and the expiration of the license it was then holding, namely, June 1, 1912. I directed that the matter be turned over to the county detective for investigation. His report was made, which was submitted to counsel for the applicant, and then depositions were taken. These depositions show that in March, April, and May, 1912, after the court's action on the applications for license, the applicant sold beer to its customers in Somerset, Stoyestown and elsewhere, and the purchaser paid the freight and drayage, but when the bills were collected by the applicant, a credit was allowed for this freight and drayage, thus making the deliveries in each instance at the place of destination instead of at the brewery. [1] Under the law, a brewery can only sell at the place where it is licensed, namely, at the brewery. Under the Act of July 30, 1897, P. L. 464, if the sales are made at the brewery, the delivery can be made by the brewery with its own wagon properly marked, as required by that act of assembly. Any other delivery constitutes an illegal sale, and subjects the offender to the penalties of the criminal law, and to the revocation of the license, or the refusal in case the applicant has applied for a license. [2] Within the last few months agents of breweries in other counties have been convicted in our criminal court, and paid heavy fines for just such violations as are complained of here. It would be gross injustice to discriminate against neighboring counties by allowing our own breweries to violate the law in just the same manner as other breweries were punished for doing. The court's views were fully understood by this brewery at the time the license of 1912 was refused. The question was fully discussed, and it cannot be said that these violations were by mistake or inadvertence. They were open, palpable violations of the law in defiance of the expression of the

views of the court, and in this light, and for this reason this license must be refused. [4]

*Errors assigned* were portions of the opinion, quoting them, and the order refusing the license.

*Francis J. Kooser,* for appellant.—Our contention is that the fact that appellant gave credit to purchasers on their bills for freight and drayage charges previously paid by them, does not establish the point of destination as the place of delivery and of sale, and is insufficient to warrant the court in concluding that applicant has violated the criminal laws: Garbracht v. Com., 96 Pa. 449; Werner Saw Mill. Co. v. Ferree, 201 Pa. 405; Com. v. Hess, 148 Pa. 98; Dennis v. Alexander, 3 Pa. 50; Com. v. Hess, 148 Pa. 98; Dannemiller v. Kirkpatrick; 201 Pa. 218; King v. Meredith, 2 Campbell (Eng.) 639. Mee v. McNeider, 109 N. Y. 500 (17 N. E. Repr. 424)

*C. W. Walker,* for appellee.—A brewery can only sell at the place it is licensed, viz., the brewery: Com. v. Mikesell, 52 Pitts. Leg. J. 149; Com. v. Francis, 24 Pa. C. C. Rep. 186; Washington Co. Licenses, 37 Pa. C. C. Rep. 82; Star Brewing Co.'s License, 43 Pa. Superior Ct. 577; Com. v. Guinzburg, 46 Pa. Superior Ct. 488; Stewart v. Com., 117 Pa. 378.

OPINION BY RICE, P. J., July 16, 1913:

This is an appeal from an order of the quarter sessions refusing the appellant's application for a brewer's license. Our revisory jurisdiction in such cases does not extend to a review of the evidence given on the hearing. The determination of pure questions of fact rests exclusively in the court of quarter sessions, and from its decision thereof there is no appeal. The discretion vested in that court is a judicial discretion, to be exercised for legal reasons and in a judicial manner. When so exercised it is not reviewable. "The phrase 'abuse of dis-

cretion,' as applied to judicial proceedings, does not necessarily imply a willful abuse or intentional wrong. It may occur through an honest though erroneous opinion entertained by the court as to the nature and extent of its discretionary power and as to the legal principles governing its exercise. And where this is plainly made to appear to the appellate court, in a legitimate way, it may set aside the action complained of and remit the matter to the court of first instance, with direction to proceed according to the legal principles governing the judicial discretion committed to it. Kelminski's License, 164 Pa. 231; Gemas's License, 169 Pa. 43; Knoblauch's License, 28 Pa. Superior Ct. 323, and Katharine Water Co., 32 Pa. Superior Ct. 94, are illustrative cases sustaining this view:" Com. v. Shaffer, 52 Pa. Superior Ct. 230. We shall consider the present appeal in the light of these well-settled general principles.

The learned court assigned, as the reason for its refusal of the license, that the applicant, while holding a license which expired in June, 1912, made illegal sales of beer, and this conclusion was based on the court's finding which we quote: "These depositions show that in March, April, and May, 1912, after the court's action on the application for license, the applicant sold beer to its customers in Somerset, Stoyestown and elsewhere, and the purchaser paid the freight and drayage, but when the bills were collected by the applicant, a credit was allowed for this freight and drayage, thus making the deliveries in each instance at the place of destination instead of at the brewery."

We do not disagree with the learned court in its declaration that, under the Act of July 30, 1897, P. L. 464, a brewer can only sell at the place where he is licensed, namely, at the brewery, and that sales made by him elsewhere are illegal. Thus, in Star Brewing Company's License, 43 Pa. Superior Ct. 577, it was held that, where a brewing company having a license to sell beer only at its brewery in a certain borough, employs

agents in other places to take orders for beer, and agrees to deliver, or caused to be delivered, beer to purchasers at the town or place where the order is given, the contract is executed only when the beer is delivered to the purchaser at the place where the order was given, and the company, in making such a sale, is guilty of selling liquor without a license; and for such action in the past the court may refuse to the company a license to sell beer in the future. But in that case, as will be seen by' a perusal of the opinion of our Brother HEAD, the decision was put upon the ground that there was a contractual undertaking on the part of the vendor to deliver the beer to the purchaser at the place where the order was given, that until such delivery was made the contract was executory, and therefore the sale was not at the brewery, but at the place of actual delivery. It will be seen, therefore, that this case does not sustain the proposition that, if the vendor gives the vendee credit on his bill, for the transportation charges paid by the latter, the sale is necessarily to be regarded as having been made at the place to which the goods were transported, and not at the place where they were designated and set apart for the vendee. In Dannemiller v. Kirkpatrick, 201 Pa. 218, it was held that, while the prepayment of freight may be evidence of intention to deliver the goods to the buyer at his place of business, yet the court is not justified in determining the question from that fact alone to the exclusion of the other testimony in the case. There is even stronger reason for observing the same distinction here. The fact alluded to by the learned judge may be pertinent in connection with other evidence in determining where the sales were consummated; but, standing by itself, it does not warrant the legal conclusion that the sales in question were in each instance made at the place of destination instead of at the brewery. We are, therefore, constrained to the conclusion that the judgment of the court was based on an erroneous view of the legal effect of the

fact alluded to, and that for that reason the cause must be remitted to the court for further consideration. It is urged by appellant's counsel that we should go further and, in accordance with some of the precedents, direct the license to be issued. But we do not think that would be justifiable under the circumstances of the present case. It is not a conceded and undisputed fact that there was no evidence bearing upon the question of the place of sale except that which has been alluded to by the judge. Whether under all of the evidence the court would have been justified in finding that the petitioner had made illegal sales, subjecting it to the criminal laws of the commonwealth, is a question which cannot be determined without consideration of the evidence; and, as we have suggested, that is not brought up on such an appeal as this. It is a question for the determination of the court, and we express, and intend to intimate, no opinion upon it whatever. What we decide is, that the fact that the petitioner gave credit to these customers for the freight charges which they had paid does not, of itself, warrant the conclusion that the sales were not made at the brewery, or constitute a legal reason for refusing the license.

Judgment reversed and a procedendo awarded.