# English's License.

*Liquor law—Petition for retail license—Contents of petition—Grocery store—Place—Name of applicant—Notice—Surety.*

1. An application for a retail liquor license need not set forth that groceries are not, or will not, be sold, in the place for which a license is sought.

2. A petition for a retail liquor license need not aver that the applicant "is not engaged in the manufacture of spirituous, vinous, malt or brewed liquors." These words in the act apply to sureties for the applicant, and not to the applicant himself.

3. The omission of the word "pecuniarily" in the sixth paragraph of the petition for a retail liquor license, is not a ground for the refusal of the license, if the petitioner avers that he "is not in any manner interested in the profits of the business conducted at any other place in said county, where any of said liquors are sold and kept for sale."

4. A petition for a retail liquor license cannot be said to be uncertain

as to the person applying for the license, where the petition avers that the name of the petitioner is Frank N. English, and he is so named in other portions of the petition, and the petition is signed "F. N. English, Petitioner."

5. It is not necessary in a petition for a retail liquor license to state that a surety company named as surety is organized under the laws of, or is authorized to do business within, this commonwealth. Proof of such facts may be required before the license is actually granted, but it is not absolutely essential to aver them in the petition.

6. A petition for a retail liquor license sufficiently describes the particular place for which the license is desired, if the description identifies the place by the name of the township, by the name of a village or hamlet in that township, by the name which had become attached to the house, and by the fact that the house had been a licensed place for many years.

7. The notice of an application for a retail liquor license is sufficient where the notice begins as follows: "Notice is hereby given that the following named persons have made application as specified below," followed by the time and place of the hearing, and concluding with the list of the names of the applicants, the one in question being described as follows: "1. F. N. English, Nauvoo, Liberty Township." The omission of the words Tioga county, Pennsylvania, are immaterial, inasmuch as the name of the court of county was mentioned in the preliminary part of the notice. If the court below refuses the license on the ground of the insufficiency of such notice the appellate court may review its action inasmuch as the decision of the lower court is based upon a question of law, and not upon a question of fact.

8. An abuse of discretion on the part of the court may occur through an honest though erroneous opinion, entertained by the court as to the nature and extent of its discretionary power, and as to the legal principles governing its exercise. Such abuse of discretion is as much reviewable as a willful abuse or intentional wrong.

9. The appellate court in reversing an order refusing a liquor license will not direct that the license shall be granted, but will remit the record to the court below for further proceedings according to law.

Argued March 10, 1915.  Appeal, No. 1, Feb. T., 1916, by F. N. English, from order of Q. S. Tioga Co., Jan. Sessions, 1915, No. 1, refusing a liquor license In the Matter of Application of F. N. English for retail liquor License at Nauvoo, Liberty Township, Pa. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Petition for a retail liquor license. Before CAMERON, P. J.

The questions involved turned upon the sufficiency of the petition.

The petition was as follows:

This petition respectfully represents that your petitioner is a citizen of the United States, of good moral character and temperate habits, and desires to keep a hotel, inn or tavern, and prays your honorable court to grant him a license, under the laws of this commonwealth, to sell liquors in quantities not exceeding one quart.

Your petitioner further represents:

1. That his name is Frank N. English, present residence is Nauvoo, Liberty township, Pa., and he has resided there for two years last past.

2. The particular place for which license is desired is Nauvoo House, Liberty township, Pa. Said house has been licensed for the past many years.

3. That your petitioner, Frank N. English, was born at Morris township, Tioga county, in the state of Pennsylvania on September 17, 1872.

4. The name of the owner of the premises where said business is to be conducted is Frank N. English.

5. That the place to be licensed is necessary for the accommodation of the public.

6. That your petitioner is not in any manner interested in the profits of the business conducted at any other place in said county, where any of said liquors are sold or kept for sale.

7. That your petitioner is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no other person shall be in any manner pecuniarily interested therein during the continuance of said license.

8. Your petitioner has not had a license for the sale of liquor in this commonwealth revoked during any portion of the year preceding this application.

9. That the Fidelity & Casualty Co. of New York will be his surety.

Your petitioner further represents that the said house where said business is to be conducted is well provided with rooms and accommodations for strangers and travelers, and contains more than four bedrooms, provided with more than eight beds, for the exclusive use of strangers and travelers.   F. N. English, petitioner.

The court refused the petition.

*Error assigned* was order refusing the petition.

*S. F. Channell, Howard F. Marsh, Paul J. Edwards* and *Andrew B. Dunsmore*, for appellant.

*Horace B. Packer*, with him *Walter Sherwood, E. H. Owlett* and *Frank H. Rockwell*, for appellees.

OPINION BY RICE, P. J., May 14, 1915:

1. What must be contained in the petition for a liquor license is set forth in the statute in detail.   All of these requirements are important, and the court has no authority to dispense with any of them.   But if the applicant complies with them, the petition ought not to be dismissed because it does not .set forth other matters; certainly not, if they be not required by any general rule of court.   While the act of 1858 provides that no person who keeps a grocery store shall receive a license to sell intoxicating liquors by less measure than one quart, the act of 1887 and its supplements which prescribe what shall be averred in the petition for license, do not require that it be averred in the petition that groceries are not or will not be sold in the place.   Hence the omission of such averment is not a legal reason for dismissing the petition.

2. The objection that the petition does not aver that the applicant "is not engaged in the manufacture of spirituous, vinous, malt or brewed liquors" is based on

a misconception of what the statute requires to be set forth in the ninth paragraph of the petition. The language of the statute upon that subject, so far as material here, is as follows: "Ninth. The names of no less than two reputable freeholders of the county where the liquor is to be sold, who will be his, her or their sureties on the bond which is required, and a statement that each of said sureties is a bona fide owner of real estate in said county worth over and above all incumbrances the sum of two thousand (2,000) dollars, and that it will sell for that much at public sale, and that he is not engaged in the manufacture of spirituous, vinous, malt and brewed liquors," etc. The words "he is not engaged" grammatically construed refer to "each of said sureties," not to the applicant. "The grammatical construction of a statute is not the only mode, and not always the true mode of interpretation: Fisher v. Connard, 100 Pa. 63. We must still look at the context, and, from the statute as a whole, viewed in the light of the cause or occasion of passing it and the mischief to be remedied, arrive at the construction which will effectuate the intent of the legislature, if that can be done without perverting or ignoring the language they have chosen to express their will. But, in general, where the words of a statute are clearly expressive of an intent, not rendered dubious by the context, they are not to be departed from merely because the court may be of opinion that a different provision would more effectively accomplish the general purpose the legislature had in view:" Fourney's License, 28 Pa. Superior Ct. 71. Here there is nothing in the context to indicate that construing the section according to the natural and ordinary sense of the words, and their grammatical relation to each other, will not fully effectuate the legislative intent; on the contrary, the context shows that the subject of the applicant's being otherwise engaged in the liquor business was covered as fully as the legislature deemed necessary in the sixth and seventh para-

graphs of the prescribed form of petition.  Nor will any absurd result be reached by construing the ninth paragraph to relate to the sureties as its plain terms imply. It follows that the objection that the petition does not aver that the applicant "is not engaged in the manufacture," etc., is not well taken.

3. True, the sixth paragraph of the petition in this case does not use the word "pecuniarily" but it does aver that the petitioner "is not in any manner interested in the profits of the business conducted at any other place in said county, where any of said liquors are sold or kept for sale."  This, taken with the seventh paragraph was a sufficient compliance with the statute in this regard.

4. The objection that there is uncertainty as to the person applying for the license, is hypercritical.  The petition avers that the name of the petitioner is Frank N. English; in all the subsequent averments of the petition that name appears in full, and the petition is signed "F. N. English, Petitioner."  There is no room for reasonable doubt that the Frank N. English referred to throughout the petition is the F. N. English who thus signed it; nor is the contrary intimated anywhere.

5. In the ninth paragraph of his petition he states that the Fidelity and Casualty Company of New York will be his surety.  Unless the court knows the fact, proof that this company is organized under the laws of, or is authorized to do business within, this commonwealth may be and should be required before granting the license.  But it is not made absolutely essential by the statute that it be set forth in the petition; see Fourney's License, 28 Pa. Superior Ct., 71; Branch's License, 164 Pa. 427.

6. The petition sets forth the date and place of birth of the applicant, the present place of residence, ("Nauvoo, Liberty Twp. Pa.") where he has resided for two years last past, and his ownership of the premises where the proposed business is to be conducted.

The second paragraph reads: "The particular place for which license is desired is Nauvoo House, Liberty Twp., Pa. Said house has been licensed for the past many years." The requirement of the statute is that the petition shall state "the particular place for which license is desired." The word "place" has a variety of meanings and what would be a sufficient description of it under some circumstances might not under others. The law is the same in townships as in cities, as the learned judge correctly says; that is, the place for which license is desired should be described in the petition as to identify it with reasonable certainty. But the precise mode of doing this may vary with the circumstances. What might be a sufficient description in a sparsely settled community where there are no house or lot numbers and where the people and their habitations are generally known to all of the community, might be insufficient in a large city. The true rule was thus stated in Walker's License, 24 Pa. Superior Ct. 90: "The statute does not specify the manner the place for which the license is desired shall be described or identified. If the description given in the petition is sufficiently plain to give notice with reasonable certainty to the court and the public 'of the particular place for which the license is desired,' it fulfills the purpose of the statute. The phraseology used is not so important as the information it conveys." Here the description identifies the place by the name of a township, by the name of a village or hamlet in that township, by the name which had become attached to the house, and by the fact that it had been a licensed place for many years. Viewing the description in the light of the common sense principle enunciated in Walker's License, it cannot be declared as matter of law that on its face it was not sufficient to give the court jurisdiction to entertain the petition, and to entitle the applicant to hearing and decision on the merits.

7. The requirement of the statute as to publication

of notice of liquor license applications is that the clerk of the court of quarter sessions shall cause to be published "a list containing the names of all such applicants, their respective residences, and the place for which application is made." The notice published in this instance, so far as material here, reads as follows: (We quote from the court's opinion.)

"NOTICE OF APPLICATION FOR LICENSE

"Notice is hereby given that the following named persons have made application for license as specified below and that the court of quarter sessions of the peace in and for the county of Tioga, on THURSDAY, January 28, 1915, at two o'clock p. m., when all persons interested may attend if they think proper.

"RETAIL

"1. F. N. English, Nauvoo, Liberty Township."

Then follows a list of twenty-nine other "retail" applications and four "wholesale" applications. This was the only application from Liberty township. It is true, the notice does not state in the very words of the act that the applicant's residence and place of business is Nauvoo, Liberty township, Tioga county, Pennsylvania. But when the object and subject-matter of the notice are considered, and the words "as specified below" are given their plain significance, it is impossible to see how any member of the general public, interested in the subject, could read the notice and interpret it otherwise than as intended to identify the applicant as F. N. English, of Nauvoo, in Liberty township, Tioga county, Pennsylvania, and to give public information that he was an applicant for a license to sell vinous, spirituous, malt and brewed liquors and admixtures thereof by retail in his place at Nauvoo, Liberty township. The notice was not misleading. The clerk evidently intended to perform his official duty and to give notice in abbreviated and popular form of speech of the nature and substance of the application, which, it is to be observed, was on file in the clerk's office, and open to the

inspection of every one. He was not bound to frame his notice with all the technical skill and precision that are required in an indictment or with the refined nicety that would have been required in former times in framing a special plea. And the applicant who has done all that the law required him to do ought not to be deprived of a hearing because the officer of the court, for whose act he was in no wise responsible, did not frame the published notice so as to put it beyond the most refined verbal criticism. Of course, if the statutory requirement as to publication of notice was not complied with, the court had no authority to grant the license, even though the clerk of the court, and not the applicant, was solely responsible for the defective publication. But in our judgment, the notice as it would be interpreted by ordinary persons interested in the subject was in substantial compliance with the statute. If, upon consideration of evidence given on the hearing, or of the special circumstances and local conditions within its own knowledge, the court had concluded as matter of fact the petition and published notice were not sufficiently explicit to inform the court and the general public as to the particular place for which license was desired, the kind of license applied for, and the residence of the applicant, a different question would be presented; for "the determination of pure questions of fact rests exclusively in the quarter sessions, and from its decision thereof there is no appeal:" Windber Brewing Company's License, 54 Pa. Superior Ct. 287. But as we understand the opinion filed by the learned judge, his conclusion is not based upon such finding of fact (certainly not exclusively) but upon a construction of the statute which constrained him to declare the petition and the published notice absolutely and incurably defective on their face. Therefore, the question as presented to us is not one of pure fact but of law, and being so the decision of the court upon this question of law is reviewable.

The principles applicable in the consideration by the appellate court of an appeal from the granting or refusing of a liquor license are so well settled as not to require extended discussion. The discretion vested in the court of quarter sessions is a judicial discretion to be exercised for legal reasons and in a judicial manner. When so exercised it is not reviewable. "The phrase, 'abuse of discretion' as applied to judicial proceedings, does not necessarily imply a willful abuse or intentional wrong. It may occur through an honest though erroneous opinion entertained by the court as to the nature and extent of its discretionary power and as to the legal principles governing its exercise. And where this is plainly made to appear to the appellate court in a legitimate way it may set aside the action complained of and remit the matter to the court of first instance, with direction to proceed according to the legal principles governing the judicial discretion committed to it:" Com. v. Shaffer, 52 Pa. Superior Ct. 230, citing Kelminski's License, 164 Pa. 231; Gemas' License, 169 Pa. 43; Knoblauch's License, 28 Pa. Superior Ct. 323. And to these may be added Windber Brewing Company's License, 54 Pa. Superior Ct. 287, and Venango County Liquor Licenses, 58 Pa. Superior Ct. 277. We have considered the present appeal in the light of these well-settled general principles, and conclude that the reasons set forth in the opinion of the learned judge below, and those urged by counsel, are not valid legal reasons for dismissing the petition. It is to be observed, however, as remarked in Matthews' License, 28 Pa. Superior Ct. 384, we do not decide that the license must be granted; upon that question the court below must exercise its discretion. And for that purpose the record will be remitted.

The order of the court below is reversed, and the record is remitted for further proceedings according to law.