## Indian Brewing Company's License.

*Liquor laws—Brewing company—Unfitness—Refusal of license in previous year.*

It is reversible error for the Court of Quarter Sessions to refuse a license to a brewing company for the sole reason that a license had been refused the company in the preceding year because of unfitness.

Argued May 4, 1915. Appeal, No. 171, April T., 1915, by Indian Brewing Co., from order of Q. S. Indiana Co.,

Assignment of Error—Opinion of the Court.   [60 Pa. Superior Ct.

Dec. T., 1914, No. 31, refusing a liquor license in case of Indian Brewing Company's Petition.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Petition for liquor license.   Before TELFORD, P. J. The opinion of the Superior Court states the case.

*Error assigned* was the order refusing the license.

*Geo. J. Feit,* of *Peelor & Feit,* for appellants.—The refusal of a license for infractions of the law under a former license is not a valid reason for refusal of an application by the corporation under a new management, and for a subsequent license year.

Infractions of the law by its officers and agents do not render a corporation permanently unfit to perform the functions for which it was created.

Indian Brewing Co.'s License, 226 Pa. 56; Windber Brewing Co., No. 2's License, 54 Pa. Superior Ct. 287.

*John H. Pierce,* for appellees.—The appellate court cannot discuss the merits, but only whether the license court proceeded according to law.   When a license has been refused, after a hearing, the presumption on appeal is that the refusal was for a legal reason unless the contrary affirmatively appear.   Free's License, 33 Pa. Supreme Ct. 348; Sweeney's License, 11 Pa. Supreme Ct. 569.

OPINION BY TREXLER, J., May 14, 1915:

It is plain that if the conclusion of the lower court as to its discretionary power to entertain the petition is erroneous the case must go back for a consideration and determination.   Where the record itself plainly shows that the court has not proceeded according to law but has refused a license for a reason which the law does not recognize as valid, its action stands on no legal basis

and it is the duty of the appellate court to correct it: Knoblauch's License, 28 Pa. Superior Ct. 323; Windber Brewing Co. No. 2's License, 54 Pa. Superior Ct. 287. See opinion of RICE, P. J., in F. N. English's License, this day filed, 59 Pa. Superior Ct. 62. The language employed by the court below in disposing of the question indicates that it proceeded on the assumption that the fact that the brewing company had been refused a license last year because of unfitness, deprived the court of the power to grant a license this year. We quote a portion of the opinion: "If enforced cessation from business for a year by reason of unfitness to receive a license, operates to change a corporation from a character of unfitness to one of fitness, through or by reason of a change of management, then this applicant should have a license. We are of the opinion that this corporation has a record of unfitness, from which no order of this court in the exercise of official duty, can relieve it." We understand this language to mean that the court considered that the former refusal of the license for the reason of unfitness prevented as a matter of law the granting of a license on the present application. We do not accede to the proposition that a cessation from business and a change of management compels the court to grant the license, but there is nothing in our liquor laws to warrant the conclusion of law, that if the corporation licensed is once found to be unfit, it may never again be licensed, and that a change in condition or in the personnel of its management may not be considered by the court. The former unfitness is not an insurmountable obstacle which necessarily compels the court to refuse such license. We do not say that this license must be granted. The court should take into consideration all the pertinent testimony submitted which may aid the court in determining the present fitness of the applicant, and then decide whether the license should be granted or refused.

The decree is reversed with a procedendo.