# Schwem's License.

*Liquor law—Wholesale license—Insufficiency of notice—Newspaper notice—Act of July 30, 1897, P. L. 467—Jurisdiction.*

A license to sell liquor at wholesale cannot be granted where notice of the application has been published in only two newspapers instead of three as required by the Act of July 30, 1897, P. L. 467. The mere fact that a third paper published as a matter of news the names of the applicants for liquor licenses, will not give the court jurisdiction, inasmuch as the statutory requirements are mandatory, and the court has no jurisdiction if they are not strictly complied with.

Argued Oct. 24, 1916. Appeal, No. 164, Oct. T., 1916, by Joseph S. Reitz et al., Remonstrants, from order of Q. S. Clearfield Co., Jan. T., 1916, No. 23, granting a wholesale liquor license in the matter of Ed. D. Schwem Com-

280, (1917).] Assignment of Error—Opinion of the Court.

pany's application. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Application for wholesale liquor license. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order granting the license.

*Roland D. Swope,* with him *John C. Arnold,* for appellants, cited Little Meadows Borough, 28 Pa. 256; Sun & Banner Pub. Co. v. Bennett, 26 Pa. Superior Ct. 243.

*A. L. Cole,* with him *H. B. Hartswick,* for appellee.

OPINION BY HENDERSON, J., March 7, 1917:

This case comes up on an appeal of Joseph S. Reitz et al., remonstrants against the granting of a license to E. D. Schwem Company to sell liquor at wholesale. One of the objections urged against the granting of the license was that the application therefor was not advertised as required by the Act of July 30, 1897, P. L. 467. Section 3 of that act directs that the clerk of the Court of Quarter Sessions cause to be published a list containing the names of all applicants for license, their respective residences and the places for which applications are made, in three newspapers designated by him, such publications to be twice made, the first time not less than fifteen nor more than twenty-five days before the time fixed by the court for hearing of the applications. And the same provision is reënacted in the amendment to the Act of 1897 approved April 27, 1903, P. L. 317. It is not disputed that the application for this license was not advertised as required by the act of assembly and the learned judge of the Court of Quarter Sessions so finds in the opinion which he filed in connection with the

granting of the licenses. Publication was made by the clerk in only two newspapers instead of three. The proceeding is purely statutory and the jurisdiction of the court is only obtained when the requirements of the statute are complied with. The petitioner had no property in the. right to sell liquor at wholesale and could only bring himself into a position in which he would be capable of receiving a license when the precedent statutory conditions were complied with. It was said in Sun & Banner Pub. Co. v. Bennett, 26 Pa. Superior Ct. 243, that "The legislature, for reasons which the courts are bound to accept as satisfactory, saw fit to require that public notice of the proceeding to obtain a license must be given in a particular manner, in newspapers to be designated by a certain public officer. That notice is an essential part of the procedure, and no license ought to issue unless the notice has been given in the manner prescribed by the act which confers the jurisdiction." And in English's License, 59 Pa. Superior Ct. 621, "if the statutory requirement as to publication of notice was not complied with the court had no authority to grant the license, even though the clerk of the court, and not the applicant, was solely responsible for the defective publication." It was said in Norwegian Street, 81 Pa. 349: "In all cases in the courts where the authority to proceed is conferred by statute and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceeding will be utterly void." To the same effect is Harris v. Mercur, 202 Pa. 313. Nothing need be added to these clear declarations of the law as to the necessity of compliance with the specific directions of the statute with respect to the publication of notice. It is a subject in which the public has an interest and the petitioner is not a party in the sense that persons are parties to private litigation: Raudenbusch's Petition, 120 Pa. 328. The obvious purpose of the enactment was to provide a definite means by which information should

be conveyed to the public and this is one of the conditions on which the right to be an applicant for a license rests. The. learned judge was of the opinion that "substantial notice" was given because another newspaper in the county published as a matter of news the names of the applicants for licenses. This was not done, however, in compliance with any statute nor by direction of the clerk of the Court of Quarter Sessions. It was a voluntary matter gratuitously performed by the publisher of that paper. It was not a notice which the clerk of the court caused to be published and was not, therefore, a notice required by law. The learned judge considered it exceedingly doubtful whether he had power to proceed under the circumstances but applying the doctrine of substantial notice as discussed in English's License, supra, he decided to grant the license. That case is not authority, however, for dispensing with any statutory requirement. One of the questions there considered was whether the notice of the location of an applicant was sufficiently definite. The petitioner lived in a hamlet in a township. He was an applicant for a license for a hotel which had been in existence for a long time and was presumably a well known institution. So far as appeared there were no named streets nor numbered houses and the location was therefore described as "Nauvoo, Liberty Township." We held the notice was sufficient to inform the public that the petitioner was an applicant for a license to sell liquor at retail at Nauvoo, Liberty Township, in the proper county, and that it was not misleading. No particular form of notice is prescribed by the statute. It should, of course, be sufficiently specific to accomplish the purpose for which the publication is made. Whether it is sufficiently definite is ordinarily a question of fact to be determined by the court hearing the application. What English's case decided on this subject was that if the court on consideration of evidence given at the hearing or of the special circumstances and local conditions within its own knowl-

edge had concluded as a matter of fact that the petition and published notice were not sufficiently explicit to inform the court and general public as to the particular place at which license was desired and the kind of license applied for and the residence of the applicant a different question would be presented but that the construction given to the statute which constrained the court to declare the petition and the public notice absolutely and incurably defective on their face was not warranted. That was a very different question, however, from that which arises where there has been a failure on the part of the clerk to give notice at all or to give some other kind of notice than that which the law directs. Where there is a statutory direction that must be pursued.

A motion was made to suppress the appellant's paper book on the ground that it included the record in two other cases in which appeals were taken involving the same question. We think the motion should not be sustained. While the book contains more than properly belonged to this appeal it contains all that it should contain. The whole record is presented and the argument of the appellee is full and responsive to the case presented by the appellants. The appellants are not parties as in a case of private litigation. They represent a constituency entitled to be heard under the statute who are presumed to be actuated by considerations of public interest rather than individual advantage and there is no convincing reason why the case should not be disposed of on the paper books as presented. The appellee has been at no disadvantage and the addition in the books of the record in the other cases is in no way prejudicial to it nor inconvenient to the court. The other objections to the paper books are not important nor material.

There having been a failure to comply with the requirement of the statute as to the publication of notice of the application the order of the court is reversed at the cost of the appellee.