## Commonwealth v. Diana

*Patrick E. O'Leary*, Deputy Attorney General, for petitioner.

*Chas. W. Eaby*, district attorney, contra.

SCHAEFFER, J., November 5, 1937.—The defendant was indicted for a violation of the Liquor Control Act, being charged with the unlawful sale of liquor for consumption off his premises in Lancaster City. A restaurant liquor license had been issued to defendant by the Pennsylvania Liquor Control Board. The complaint was made before an alderman by Lester V. Bomgardner, an enforcement officer of the Pennsylvania Liquor Control Board. It is admitted that he had personal knowledge of the case, being one of the investigators, and that he instituted the prosecution against defendant pursuant to an order from Clyde Smith, the Director of Licensing Enforcement for the Pennsylvania Liquor Control Board.

The grand jury ignored the indictment against the defendant and imposed the costs upon Lester V. Bomgardner, the prosecutor. A petition was presented by the prosecutor to this court to remit these costs and a rule was granted thereon. The Commonwealth filed a demurrer thereto.

In the petition it is averred that: "The said information was not made by your petitioner against the said Matthew Diana, the defendant herein, out of malice, ill will, or without probable cause; and, on the contrary, the said information was made only after your petitioner had received information to the effect that the said Matthew Diana, defendant herein, had actually violated the laws of this Commonwealth relating to liquor and malt or brewed beverages, and, further, not until your petitioner had investigated such information and had ascertained and obtained sufficient evidence, in his opinion, to prove that such violation of law had in fact been committed by the said defendant."

In Commonwealth v. Holman, 24 Lanc. L. R. 149, Judge Hassler referred to four classes of cases in which the court should supervise or set aside the imposition of costs by a jury on the prosecutor. The second class is, "where the costs are imposed on a public officer, and there is no evidence connecting him with the prosecution, except

proof of the performance of his official duty". In Commonwealth v. Bittner, 39 Lanc. L. R. 513, Judge Landis set aside the costs imposed by the grand jury upon a member of the State police in a case involving the violation of the liquor laws. Depositions were taken in support of the rule. In Commonwealth v. Snyder, 39 Lanc. L. R. 515, Judge Landis, on depositions submitted, refused to strike off costs imposed on a member of the State police in a liquor violation case.

In the instant case no depositions were taken and the court has no evidence to establish that the grand jury acted improperly or without just cause in ignoring the bill. The petition sets forth chiefly legal conclusions and not matters of fact. It relates to the status at the time the prosecution was brought and it omits any reference to what occurred in presenting the case to the grand jury. The pleading is not supplemented by any evidence to enable the court to pass upon that phase of the case. The prosecution in its inception may have been fully warranted. Nevertheless, the evidence as presented to the grand jury, either wilfully or carelessly as the case may be, may have justified the grand jury in ignoring the bill of indictment and placing the costs on the prosecutor.

In Commonwealth v. Patler, 1 D. & C. 442, Judge Fox of Dauphin County said in his opinion:

"The power of setting aside the decision of the grand jury should not be exercised by the court without full knowledge of all of the evidence submitted to the grand jury. . . . We do not know what testimony these witnesses gave to the grand jury. It is to be presumed that the evidence submitted to and heard by it was fully and carefully considered, and that it acted correctly. . . .

"If we were to make this rule absolute, it would amount to a declaration that the court, which has not heard the evidence, is better able to determine what disposition should be made of the costs than the grand jury, which did hear the evidence. The presumption is that the grand jury, which had the full information, was justified in its

action." In Commonwealth v. Huddell, 1 Dist. R. 132, where costs were imposed on the prosecutor by the grand jury, Judge Waddell in his opinion said: "Conceding our power to do so, yet, in our opinion, such power should not be exercised without a full knowledge of all the facts in the case. Without this we would be unable to judge of the correctness of the conclusions and action of the jury. It is to be presumed that they acted properly. . . . We have nothing before us but the affidavit of the prosecutor. Would we be justified, under these circumstances, in saying that we are better able to determine what disposition should be made of the costs, than the jury"? To the same effect is section 698, vol. 2, 1937 Edition of Sadler on Criminal Procedure in Pennsylvania.

It is necessary that a public officer in the performance of his duty not only bring the complaint in good faith, but also carry on the prosecution properly, without malice and without any ulterior motive. In Commonwealth v. Shaffer, 52 Pa. Superior Ct. 230, 237, in the opinion, the court refers to "impropriety of action or motive, either in the institution of the prosecution or in the conduct of the trial or in any other stage of the case". In Commonwealth v. Ahlgrim, 98 Pa. Superior Ct. 595, 599, where a prosecution was brought by the chief sanitary inspector, it is said: "If the prosecution had been entirely unfounded, or if it had been maliciously conducted, the costs might have been placed upon the prosecutor, but the record does not indicate any foundation for such a conclusion."

The fact that the petitioner, as prosecutor, was directed to bring the prosecution by a superior officer does not necessarily per se relieve him from costs.

This case is distinguishable from Commonwealth v. Lockard et al., 30 D. & C. 603, in which this court filed an opinion on October 22, 1937. In the latter case the prosecutor had no personal knowledge of the facts and acted pro forma in making the complaint under order

from the Pennsylvania Liquor Control Board. He came within the scope of an officer where "there is no evidence connecting him with the prosecution, except proof of the performance of his official duty", as referred to by Judge Hassler in Commonwealth v. Holman, supra.

And now, November 5, 1937, the rule granted to show cause why the costs of prosecution imposed upon Lester V. Bomgardner, the prosecutor, should not be set aside, and why said costs should not be remitted and placed upon the County of Lancaster, is discharged.