# Parsons *versus* Winslow.

1. The county of Elk was formed out of parts of Jefferson, Clearfield, and M'Kean counties, in each of which the Mechanics' Lien Law was in force when Elk was erected. The law had not been extended to Elk specifically, when the lien—the foundation of this suit—was entered. *Held,* that the plaintiff was entitled to his lien and its remedies.

ERROR to the Court of Common Pleas of *Elk county*.

*Scire facias sur* mechanics' lien.

The facts of the case are stated sufficiently for a correct understanding of the point decided in the opinion of the court, delivered December 11, 1854.

*Johnson,* for plaintiff in error.

*Lucas,* for defendant in error.

The opinion of the court was delivered by

WOODWARD, J.—The county of Elk was formed out of parts of Jefferson, Clearfield, and M'Kean counties, in each of which three counties the Mechanics' Lien Law was in force when Elk was erected; but the law had not been extended to Elk specifically when the lien was entered, which is the subject of the present contest.

It is not pretended that there was anything in the act creating Elk county, to repeal the law as it applied to the territory of the three constituent counties; but the argument is, that its operation is limited to the territory within the geographical limits of each of these counties for the time being—that where these counties are, the law is; and that when territory was taken out of these counties, it was taken out of the operation of the law.

If this position were admitted, it would be necessary, when a new county was erected, to re-enact the whole body of statute laws; and the legislature could not change the name of any territory, whether school district, township, or county, without virtual repeal of all local laws. The legislature sometimes change the names of men, and, according to the argument, they must all be outlaws until a special act extends to them the laws under which, with their former names, they had lived. Such conclusions are inadmissible. Territory or men once made the objects of legislation, remain subject to the laws imposed, however the names by which they are designated may be changed. The Mechanics' Lien Law, operative in the spot where in this instance it is sought to be enforced, and unrepealed, by the law

creating Elk county, remained operative, notwithstanding the change of the municipal name. If it had been in force in only one or two of the parent counties, it is unnecessary to decide whether it would extend through the whole territory of the new county, or be limited to such portions as were taken from the counties which had the law, or be displaced altogether; for here it was in force in all the parent counties, and went with their respective contributions into the new county. The embarrassing questions which sometimes arise out of a union of districts governed by different and inconsistent laws, are all absent from this case, and we think it very clear that the plaintiff was entitled to his lien and its remedies.

The judgment is affirmed.