## Rassau, Appellant, *v.* Campbell.

*Election law—Liquor law—Local option—Special Act of April 3, 1872, P. L. 804—Act of June 8, 1911 P. L. 703—Statutes—Repeal.*

1. Under Section 7, Article III, of the Constitution, the legislature had the right to pass the Act of June 8, 1911, P. L. 703, repealing the special Act of April 3, 1872, P. L. 804, relating to local option in certain townships of Allegheny county.

2. Each of the ten townships named in the Act of April 3, 1872, was a unit, and the act was in effect the same as if a separate act in identical terms had been passed for each township. The fact, therefore, that the legislature repealed the Act of 1872, as to five of the ten townships only, does not render the Act of June 8, 1911, unconstitutional. Blankenburg v. Black, 200 Pa. 629, distinguished.

3. Where, after the passage of the Act of April 3, 1872, a portion of one of the townships mentioned therein becomes a borough under a decree of the court of quarter sessions, the electors of the portion of the township which became the borough retained their right to decide whether liquor licenses should be granted or refused within the limits of the borough. If the township in question is one of the townships as to which the Act of April 3, 1872, was repealed by the Act of June 8, 1911, the Act of 1872 is repealed as to the borough also, and the electors in the latter lose the right to determine whether or not liquor licenses shall be granted in the borough.

Argued April 24, 1912. Appeal, No. 51, Oct. T., 1912, by plaintiff, from judgment of Superior Court, April T., 1911, No. 106, affirming decree of C. P. No. 2, Allegheny Co., Oct. T., 1911, No. 985, dismissing bill in equity in case of John Rassau v. I. K. Campbell, et al., County Commissioners, and Frank Scholl, Constable of the borough of Brackenridge. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Appeal from Superior Court. See Rassau v. Campbell, 48 Pa. Superior Ct. 408.

The opinion of the Supreme Court states the case.

*Error assigned* was the judgment of the Superior Court.

*Nelson McVicar,* of *McVicar & Hazlett, P. H. Maguire* and *W. A. Stone,* of *Stone & Stone,* for appellants.—We contend that the Act of April 3, 1872, P. L. 804, was repealed by the Act of June 8, 1911, P. L. 703, in so far as the provisions of the Act of 1872 relate to the territory embraced within the townships of Pine, Harrison, North Versailles, North Fayette and South Fayette, as of the date of the passage of the Act of 1872: Irwin v. McCallin, 28 Pitts. Leg. J. 322; Com. v. Wyman, 137 Pa. 508; Horlacher v. Commissioners, 3 Lehigh County Law Journal, 108; Wade v. Richmond, 18 Gratt (Va.) 583; Colvin v. Beaver, 94 Pa. 388; Allegheny v. Kennedy, 14 Pa. C. C. R. 152; Rassau v. Campbell, 59 Pittsburgh Leg. J. 210; Wishart v. Leslie, 36 Pittsburgh Leg. J. 223; Durr v. Commonwealth, 35 Pittsburgh Leg. J. 270; Buckwater v. Lancaster County, 12 Pa. Superior Court 272; Evans v. Phillipi, 117 Pa. 226; Keener v. Fouch, 16 Pa. C. C. R. 207; Washington Borough, 26 Pa. Superior Court 296; Commonwealth v. Standard Oil Company, 101 Pa. 119; Commonwealth v. Booth, 55 Pittsburgh Leg. J. 95; Hampton v. Com., 19 Pa. 329; Jacoby v. Shafer, 105 Pa. 610; State v. Johnson, 74 Minn. 381 (77 N. W. Repr. 293); Scranton School Dist.'s App., 113 Pa. 176; Com. v. Reynolds, 137 Pa. 389.

*E. E. Fulmer,* with him *A. B. Hay* and *Edward J. I. Gannon,* for appellees, cited: State v. Chadbourne, 74 Maine 506; Oakland Paving Co. v. Hilton, 69 California 479 (11 Pac. Repr. 3); Jessee v. DeShong, 105 S. W. Repr. 1011; Falconer v. Robinson, 46 Alabama 340; Blankenburg v. Black, 200 Pa. 629; Munnell v. Morgan, 15 Pa. D. R. 819.

OPINION BY MR. JUSTICE BROWN, May 13, 1912:

By the Act of April 3, 1872, P. L. 804, the voters of the townships of West Deer, East Deer, Pine, Richland, Harrison, North Versailles, South Versailles, North Fayette, South Fayette and Killbuck, in the county of Allegheny, were authorized to vote at the next municipal election, and triennially thereafter, for or against the granting of licenses for the sale of intoxicating liquors; and whenever it should appear from the returns of an election that there was a majority in any of said townships against the granting of licenses in it, no licenses could be issued for the sale of liquors therein until, at a subsequent election, the voters should vote in favor of license. In 1901, under certain proceedings had in the Court of Quarter Sessions of Allegheny County, the borough of Brackenridge was created out of the township of Harrison. By the Act of June 8, 1911, P. L. 703, the Act of April 3, 1872, was repealed, "so far as its provisions relate to the said townships of Pine, Harrison, North Versailles, North Fayette and South Fayette." This proceeding, instituted in the court below, was to restrain the appellees from providing for an election in the borough of Brackenridge on the third Monday of February, 1912, or at any other time, for the purpose of allowing the electors of that borough to vote for or against license. The injunction was applied for on the ground that the repealing Act of 1911 applied to all of the territory embraced within Harrison township at the time of the passage of the Act of 1872. To the appellant's bill a demurrer was filed which the court was asked to sustain for two reasons, (1) because the Act of 1911 is local or special legislation, and (2), if not such forbidden legislation, then it applies only to so much of Harrison township as remained after Brackenridge borough had been carved out of it. The Common Pleas held the Act of 1911 to be constitutional, but sustained the demurrer on the ground that the provisions of the act were confined to

what remained of Harrison township at the time of its passage and did not extend to Brackenridge borough. On appeal to the Superior Court the constitutionality of the act was unanimously sustained in a per curiam opinion, but only a majority of that court concurred in the view of the court below that it was not intended to be effective in that portion of Harrison township which is now embraced within the limits of Brackenridge borough.

Each of the ten townships named in the Act of 1872 was a unit, and the act was, in effect, the same as if a separate act, in identical terms, had been passed for each township. There was, therefore, local legislation for Harrison township, and the Common Pleas and Superior Court correctly held that the legislature had been expressly permitted to repeal it by Section 7 of the third Article of the Constitution. Nothing is found in Blankenburg v. Black, 200 Pa. 629, to support the contention of the appellee as to the unconstitutionality of the Act of 1911. In that case the legislature attempted to change or alter part of a local act by repealing a portion of one of its sections. In holding that this could not be done under the prohibition of our present constitution as to local or special laws, we said: "The present act, however, is not a repeal of the Act of 1865, but only of a part of it, and in such manner as to amount merely to an alteration of the local law. The object of the permission in the constitution to repeal local and special laws was to allow the legislature to do away with exceptions, and bring interests previously under special or local statutes into conformity with the general laws of the state. This act does nothing of that kind. It merely makes a change in the mode of filling an office whose name, powers and duties are left as they were before. This is not repealing an old local law but making a new one." The Act of 1872 applied to separate and distinct municipal divisions of the commonwealth, to any one of which its provisions might have

been made applicable by independent legislation, and such legislation would have been within the meaning of the clause in the constitution providing that "laws repealing local or special acts may be passed."

When a portion of Harrison township became the borough of Brackenridge, under a decree of the Court of Quarter Sessions of Allegheny County, the voters of that borough were authorized to vote triennially at municipal elections for or against license, but this right or privilege was not conferred upon them by any statute relating to their borough. The privilege passed to them because they were residents in what had been part of Harrison township at the time of the passage of the Act of 1872. The formation of a new municipal district out of a territory to the electors of which has been given the right to decide whether liquor licenses shall be granted or refused does not affect the operation of the law over the whole territory for which it was passed. It remains in full force in both the old and new districts: Joyce on Intoxicating Liquors, see 379. As to this we have lately said: "The safer and sounder rule is that it applies to the entire territory, no less and no more, to which the legislature made it applicable, and that these territorial limits are not affected by subsequent changes of municipal division lines. This is the doctrine of Parsons v. Winslow, 1 Grant 160, and Clifford v. Belsterling, 2 S. & R. 108. This has also been the recognized rule in dealing with local prohibitory liquor laws. It is sound and should not be disturbed"; Federal St. & Pleasant Valley Passenger Ry. Co. v. Pittsburgh, 226 Pa. 419. If the whole of what was Harrison township was unaffected by cutting off a portion of it for the creation of Brackenridge borough, and the Act of 1872 remained, as it concededly did, in full force until 1911 over all of what had been the territory of Harrison township at the time the Act of 1872 was passed, the repeal of that act took away from all of that territory the right or privilege which had been con-

ferred upon it by the Act of 1872; and Brackenridge borough is a part of that territory. It was but a limb of the body of Harrison township, and what was taken from that body by the Act of 1911 cannot remain in any one of its members: Grim v. Weissenberg School District, 57 Pa. 433. The Act of 1911 is entitled an act to repeal the Act of 1872 "so far as its provisions relate to the township of Harrison," and the repealing clause is in these words. The legislative intent indicated by them is that the Act of 1872, so far as it relates to Harrison township, is to be regarded as never having been passed: Hampton v. Commonwealth, 19 Pa. 329. Harrison township, as it existed in 1872, is wiped from the act of that year by the Act of 1911, and, with it, all of its subdivisions, for they together made up the unit for which the Act of 1872 was passed.

The decree of the Superior Court is reversed, as is that of the court below, at the costs of the appellees, and the bill is reinstated, with leave to the appellant at any time to ask for an injunction against the appellees, or their successors in office, if they should hereafter attempt to provide for an election for or against license in the borough of Brackenridge.