## Chilcott's License.

*Liquor laws—Refusal of license—Local option district—Division of district—Appeals—Review.*

An appeal from an order refusing a liquor license is in effect but a certiorari, yet where the court sets forth in the record as part of its final order the reasons for its action, the appellate court will determine whether the reasons thus assigned are legal reasons; and the same rule applies where the reasons are not set forth in

the order itself, but are stated in an opinion filed in the proceedings.

Where a district has been created a local option district under the Act of April 3, 1872, P. L. 804, but has been subsequently divided into different municipal divisions, the aggregate vote of the whole territory as originally constituted, governs the question of "license" or "no license" for all the new divisions, and not the vote of each division.

Argued Oct. 15, 1915. Appeal, No. 29, April T., 1916, by Joseph H. Chilcott, from order of Q. S. Allegheny Co., March T., 1915, No. 1428, refusing a retail liquor license. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Petition for a retail liquor license in East Deer Township. From the record it appeared that under the Act of April 3, 1872, P. L. 804, East Deer Township was created a local option district. Subsequently the district became subdivided so that it now consists of the townships of East Deer, Springdale, and Frazer and Cheswick Borough and Springdale Borough. At the election held on Feb. 15, 1915, the result of the election in the several sub-divisions on the question of license was as follows:

| | For License | Against License |
|---|---|---|
| East Deer Township, | 102 | 95 |
| Springdale Township, | 34 | 4 |
| Frazer Township, | 61 | 32 |
| Cheswick Borough, | 15 | 34 |
| Springdale Borough, | 110 | 164 |
| | 323 | 329 |

While the subdivision, now known as East Deer Township, voted for license by a majority of seven, the territory comprising East Deer Township as created by the Act of 1872 voted against license by a majority of six.

The court in opinions by COHEN and BROWN, JJ., refused the license on the ground that the election in the original local option district resulted in a majority against license, and this forbade the issuance of licenses in the Township of East Deer.

*Error assigned* was the order of the court.

*Charles A. Fagan,* with him *Leo M. Dillon* and *William A. Magee,* for appellant.

*A. J. Barron,* with him *McKee, Mitchell & Alter,* for appellees.

PER CURIAM, December 20, 1915:

This is an appeal from an order refusing the appellant's application for a retail liquor license for premises situate in the Village of Hite, East Deer Township, Allegheny County. The appellant's counsel correctly argue that an appeal from such an order is in effect but a certiorari, yet where the court sets forth in the record as part of its final order the reasons for its action, the appellate court will determine whether the reasons thus assigned are legal reasons: Gemas's License, 169 Pa. 43. The same has been held, practically, where the court filed an opinion in connection with the order, or even after making the order which was evidently intended to express its reason or reasons for refusing the application. See Venango County Liquor License, 58 Pa. Superior Ct. 277, 294, and cases there cited. In the case in hand, the court stated in its order that it refused the license for reasons set forth in opinions filed. We have, therefore, examined and considered the reasons assigned by the court in the opinions as if they had been embodied at length in the final order. It is thus seen that the court held that the local option law of April 3, 1872, P. L. 804, which originally applied to East Deer Township as then constituted was intended to constitute the entire

territory a local option district; that originally the electors in the entire township were entitled to vote upon the question whether license should be granted in any part of the territory; and that this operative effect of the act was not changed by the subsequent sub-division of the territory into separate municipalities for other purposes. We all concur in this conclusion. We are of opinion that it is in accordance with the principles thus expressed in Rassau v. Campbell, 236 Pa. 455: "The formation of a new municipal district out of a territory to the electors of which has been given the right to decide whether liquor licenses shall be granted or refused does not affect the operation of the law over the whole territory for which it was passed. It remains in full force in both the old and new districts: Joyce on Intoxicating Liquors, Section 379. As to this we have lately said: 'The safer and sounder rule is that it applies to the entire territory, no less and no more, to which the legislature made it applicable, and that these territorial limits are not affected by subsequent changes of municipal division lines. This is the doctrine of Parsons v. Winslow, 1 Grant 160, and Clifford v. Belstering, 2 S. & R. 107. This has also been the recognized rule in dealing with local prohibitory liquor laws. It is sound and should not be disturbed'; Federal St. & Pleasant Valley Passenger Ry. Co. v. Pittsburgh, 226 Pa. 419."

The order is affirmed.