# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## Dietrich's License.

*Liquor law—Retail license—Action of lay judges—Record.*

The appellate court cannot review the action of two lay judges in overruling the finding of the president judge and granting a retail liquor license; and this is the case although the lay judges gave no reason for their action, and the finding of the president judge is that the applicant was guilty of violations of the liquor law. The testimony cannot be reviewed by the appellate court.

In such a case whether the lay judges disregarded the "overwhelming testimony" whether they gave the proper weight to the testimony, or whether they were properly moved by the testimony or by improper motives, cannot be reviewed by the appellate court. As long as they gave no reasons for their decision they will be presumed not to have abused their judicial discretion.

Argued Oct. 2, 1916. Appeal, No. 4, March T., 1916, by Harvey Dietrich, from order of Q. S. Montour Co., granting retail liquor license. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for retail liquor license. Before EVANS, P. J.

*Error assigned* was order granting license.

*H. M. Hinckley* and *George B. Reimensnyder*, for appellants.

*R. Scott Ammerman*, for appellee.

Opinion of the Court.   [65 Pa. Superior Ct.

OPINION BY TREXLER, J., October 30, 1916:

The statement of the questions involved submitted by the appellants may be summarized as follows: Have two lay judges authority to grant a license to sell liquor without giving any reason for their action and in the face of the finding of the president judge that there was overwhelming testimony of violations of the law on the part of the applicant? Counsel for the appellants concede that under the decisions of our court "the testimony is not part of the record, the lower court is not required to give the reasons for its decision in license cases and two lay judges can overrule the president judge and grant a liquor license over his protest." It is hard to see in view of these admissions that there is anything left of appellants' case. It is argued however that as the opinion of the president judge and the testimony has been filed of record, we may inquire as to the alleged abuse of discretion by the associate judges. We cannot review the testimony. The determination of pure questions of fact rests exclusively in the Quarter Sessions and from its decision thereof there is no appeal: English's License, 59 Pa. Superior Ct. 621; Windber Brewing Co. No. 2's License, 54 Pa. Superior Ct. 287.

The case is not before us as to its merits. Whether the judges disregarded the "overwhelming testimony," whether they gave the proper weight to the evidence, or whether they were properly moved by the testimony submitted or by improper motives cannot be decided by us. As long as they give no reasons for their actions, we must presume that the case was decided properly and that there was no abuse of judicial discretion. The appellants argued that abuse of discretion may be predicated upon the facts found in the opinion of the president judge. These findings may very properly serve as a basis for his attitude in declining to join the associate judges in granting the license, but they can hardly be urged as furnishing the grounds for the action of the lay members of the court. The opinion of the learned president

1, (1916).]                    Opinion of the Court.

judge merely expressed his individual views and there is nothing on the record to show that these views were shared by the other judges. The associate judges after the License Court filed an opinion giving the reasons for their action in granting the license. It seems that this action on their part was within their rights. See Leister's App., 20 W. N. C. 224. The reasons assigned by them are legal reasons and our inquiry is limited to that question: Chilcott's License, 61 Pa. Superior Ct. 552. We do not however consider it necessary to discuss this phase of the case. The associate judges, as we have stated before, had the right to grant the license and we would go contrary to all the decisions of our court bearing upon the particular inquiry before us if we were to reverse their action.

The order is affirmed.