# Reed's License.

*Liquor law—Retail license—Improper remonstrance—Harmful character of business.*

A license judge in passing upon an application for a retail liquor license commits no error in disregarding a portion of a remonstrance which avers that "the granting of licenses to sell intoxicating liquors is harmful to the community, and increases crime and paupery."

Where the license court has granted a retail liquor license, the presumption is that it has considered the character of the applicant, the number and character of the petitioners for and against, and the necessity of the license. It is not required to state that it has passed upon all of these questions.

Argued Oct. 23, 1917. Appeal, No. 179, Oct. T., 1917, by C. C. Dodd, from order of Q. S. Clearfield Co., Jan. Sessions, 1917, No. 82, granting a retail liquor license In re Application of John F. Reed. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for a retail liquor license. Before BELL, P. J. The opinion of the Superior Court states the case.

*Error assigned* was order granting the license.

*Roland D. Swoope,* for appellant, cited: Donoghue's License, 5 Pa. Superior Ct. 1; Chilcott's License, 61 Pa. Superior Ct. 552; Reznor Hotel Co.'s License, 34 Pa. Superior Ct. 525; Raudenbusch's Petition, 120 Pa. 341; Nolan's License, 47 Pa. Superior Ct. 551.

*W. C. Miller,* with him *W. A. Hagerty,* for appellee,

cited: Venango County Liquor License, 58 Pa. Superior Ct. 277; Schlaudecker v. Marshall, 72 Pa. 200; Gross's License, 161 Pa. 347; Raudenbusch's Petition, 120 Pa. 328.

OPINION BY TREXLER, J., December 13, 1917,:

The testimony forms no part of the record in a liquor license case. Where the court sets forth in an opinion in connection with the order the reasons for its action we may inquire whether the reasons are legal reasons: Chilcott's Licenses, 61 Pa. Superior Ct. 552; Venango County Liquor Licenses, 58 Pa. Superior Ct. 277 (299).

In the case before us there was a numerously signed remonstrance containing three items, "First: There is no necessity for said license. Second: The granting of licenses to sell intoxicating liquors is harmful to the community and increases crime and pauperism. Third: For other matters of law and fact appearing from the papers and record in said case." The court filed the following order: "This court being of the opinion that it is without power under the law of Pennsylvania to find that the granting of licenses to sell intoxicating liquors is harmful to the community and increases crime and pauperism, is obliged to disregard the petition filed against this license as establishing the allegations stated, and as thereby bearing upon the question of necessity, and being without such power this license is granted and bond approved." In the opinion preceding the above order the court states: "A particular license may be refused by the court because, for reasons connected with that application, to grant it would be detrimental to the public good, but that is not the point here; here the objection is based on a matter which is alleged to be common to all licenses."

The court was right in the position it took. In the oft referred to case of Schlaudecker v. Marshall, 72 Pa. 200, Justice AGNEW states: "Whether any or all licenses should be granted is a legislative, not a judicial question.

Courts sit to administer the law fairly, as it is given to them, and not to make or repeal it.    The law of the land has determined that licenses shall exist, and has imposed upon the court the duty of ascertaining the proper instances in which the licenses shall be granted, and therefore has given it to the court to decide upon each case as it arises in due course of law.    The act of deciding is judicial, and not arbitrary or wilful.    The discretion vested in the court is, therefore, a sound judicial discretion; and to be a rightful judgment it must be exercised in the particular case and upon the facts and circumstances before the court, after they have been heard and duly considered; in other words, to be exercised upon the merits of each case, according to the rule given by the Act of Assembly.    To say that I will grant no license to any one or that I will grant it to every one is not to decide judicially on the merits of the case, but to determine beforehand without a hearing or else to disregard what has been heard.......It is the duty of the court, therefore, to hear and determine each case on its evidence and facts; to ascertain the fitness of the applicant, the necessity of his house for the public accommodation......and to see that the applicant has fully complied with the law before his license can be granted."    There is nothing inconsistent with this in our case of Venango County Liquor Licenses, 58 Pa. Superior Ct. 277, as a reference to the opinion of RICE, P. J., will clearly show.

Had the lower court refused the license and given as the reason for his action that the sale of liquor generally is harmful to any community and therefore no licenses should be granted, we would have been compelled to find that the court had not exercised a proper judicial discretion in refusing a license on such grounds.

It is contended by the appellant that the language employed by the court leads to the conclusion that it refused to consider the remonstrance at all, but we think this is not borne out by the opinion.    The court states that it is obliged to disregard the petition filed against

540, (1917).]          Opinion of the Court.

this license as establishing the allegations stated and as thereby bearing upon the question of necessity and being without such power this license is granted.   The language is not as clear as it might be but as we construe it, it does not bear out the contention that the court disregarded the testimony produced.   The court decides as a matter of law that it cannot consider the general effect of the liquor traffic upon communities; that the remonstrance by asserting that such effect is evil does not furnish anything that bears upon the question of necessity. Having granted the license the presumption is that it considered the character of the appellant, the number and character of petitioners for and against and the necessity of the license.   It was not required to state that it had passed upon all these questions.

The order is affirmed.